**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT GILLARD, | ) | |
| | ) | Case No. |
| Plaintiff, on behalf of himself and others | ) | |
| similarly situated, | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| AMAZON.COM SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Robert Gillard ("Plaintiff" or "Mr. Gillard"), by his undersigned attorneys, complains against Defendant Amazon.com Services, LLC ("Amazon"), individually and on behalf of himself and others similarly situated, for violations of the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*, ("ADA")) and unjust enrichment pursuant to Federal Rule of Civil Procedure ("Rule") 23.

**NATURE OF THE ACTION**

1.      This class action lawsuit is brought pursuant to Rule 23 against Defendant Amazon.com Services, LLC for violating the ADA with its no-fault points-based attendance policy and practices.

2.      Amazon has an attendance and time off policy and practice that assesses points against its employees for absences during approved medical leaves, and subsequently takes adverse employment actions against employees, including termination, as a result of the points assessed during their approved medical leaves.

1

3. After being injured at work, Plaintiff was approved by Amazon under its policies for a medical leave.

4. Plaintiff returned from his approved medical leave with a negative attendance point balance and was almost immediately terminated.

5. Whether Amazon is aware of its discriminatory and retaliatory conduct is no question – it has been sued for this same violation repeatedly across the nation.

6. Nevertheless, Amazon willfully maintains this policy, pattern, and/or practice of discriminating and retaliating against employees who took protected leaves because, on information and belief, the cost of litigating these claims is less than the cost of creating and maintaining a compliant attendance and leave system.

7. Amazon continues to engage in this conduct despite the extreme burden placed on its temporarily and permanently disabled employees and other individuals on protected leave, including our active service members and those grieving the loss of loved ones.

## PARTIES

8. Plaintiff Robert Gillard is a citizen of the State of Illinois and resident of Cook County.

9. Plaintiff worked for Amazon at its Monee, Will County, Illinois facility from May 2021 through June 2024.

10. Defendant Amazon.com Services, LLC is a Washington Limited Liability Company registered to do business in the State of Illinois.

11. At all relevant times, Amazon was and is an employer as defined by the ADA.

12. At all relevant times, Plaintiff was an employee of Amazon as defined by the ADA.

2

## JURISDICTION

13. The Court has federal question jurisdiction over this case through Plaintiff's claims under 42 U.S.C. § 12101 *et seq.* pursuant to 28 U.S.C. § 1331.

14. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all of the events giving rise to Plaintiff's claims, namely, Amazon's employment and termination of Plaintiff, occurred in this judicial District and Defendant has a principal place of business in this judicial District, in Monee, Illinois.

16. Plaintiff exhausted his administrative remedies and his Right to Sue letter issued by the Equal Employment Opportunity Commission is attached hereto as Exhibit A.

## FACTS COMMON TO ALL COUNTS

### Amazon's Point-Based No-Fault Attendance Policy

17. Amazon provides its employees with an allotment of paid time off ("PTO") and unpaid time off ("UPT"), which acts as a point-based attendance policy whereby employees are issued points to utilize for time off throughout the year.

18. Pursuant to Amazon's policy, employees utilize UPT attendance points for absences, including arriving to work early or late.

19. Amazon employees are "charged" UPT attendance points for absences during approved medical leaves, military leave, and other protected leaves.

20. As a result, Amazon employees return from medical leaves with negative or very low UPT balances.

21. Every employee who utilizes protected leave, at the least, sustains a day-for-day loss of unpaid time off for every day of protected leave they utilize.

22. In effect, this imposes a capped amount of protected leave time that employees can utilize before suffering the consequences of an adverse employment action.

23. Upon returning from prolonged stints of protected leave—and, in the case of Plaintiff, once they come off of protected leave and return to Defendant's regular payroll—the employees suffer a loss of unpaid time off, and other adverse employment actions, including terminations in many instances.

24. Individuals who use protected leave are not in a position where they can choose whether or not to take a leave of absence. Whether due to medical disability, family crises, bereavement, military duty, or otherwise, those employees are guaranteed protected time off for each relevant and applicable reason the legislature chose to provide.

25. Despite those protections, Amazon limits their time away from work to its universal cap applied to every employee's ability to take unpaid time off, regardless of the employee's federal or state protections.

26. To make matters worse, Amazon also reduces the amount of unpaid time off that protected employees are allowed to utilize, reducing it day-for-day for the protected leave utilized by such employees.

27. The result is that Amazon has created a secondary class of employees universally consisting of those who take protected leave.

28. As a result of Amazon's policies and practices, these employees receive less unpaid time off than the rest of its workforce simply because they rightfully utilize their legally guaranteed protected leave.

29. Ultimately, Amazon does not stop at misappropriating unpaid time off - once Amazon realizes the employee has a negative or very low UPT balance, the employee is written up, placed on probation, terminated, or a combination of the three.

**Amazon's Knows its Policies Discriminate Against Protected Employees**

30. Amazon is aware of the impact that its leave policies are having on the most vulnerable of its employees.

31. The destructive fallout Amazon's volatile "no fault" attendance policies have had on its employees has been reported across multiple media outlets and jurisdictions.[1]

32. Amazon's conduct has also been raised by members of the United States' Senate and House of Representatives in correspondence to the Department of Labor.[2]

33. As such, Amazon knows, or has reason to know, that its policies unduly target those that take protected forms of leave, regardless of the purpose or reason for such leave.

34. Despite having knowledge that its point accrual system results in negative employment actions taken against employees utilizing approved and protected medical and other leaves, Amazon continues to rely on the system and assess points against its employees for their protected absences.

---

[1] *See Walmart, Amazon Facing Legal Trouble Over Using a Points System to Track and Fire Employees Over Absences; Lawyers*, https://www.businessinsider.com/walmart-amazon-lawsuits-employee-attendance-tracking-points-system-policy-2024-2 (last visited Jan. 25, 2025); *Amazon Workers Advance Leave Interference, Reprisal Class Suit*, https://news.bloomberglaw.com/litigation/amazon-workers-advance-leave-interference-reprisal-class-suit (last visited Jan. 25, 2025); *Amazon's unpaid time off practices violate USERRA, class action suit claims*, https://www.hrdive.com/news/amazons-unpaid-time-off-practices-violate-userra-class-action-suit-claims/623793/ (last visited Jan. 25, 2025).

[2] *See Letter from Sen. Elizabeth Warren, et al., to Sec. Labor and Chair of the EEOC*, available at https://www.warren.senate.gov/imo/media/doc/2022.03.03%20Letter%20to%20DOL%20and%20EEOC%20re%20 Amazon%20Attendace%20Points%20Policy.pdf.; *Amazon Time-off Policy Federal Probe Sought by Warren, Sanders*, https://news.bloomberglaw.com/daily-labor-report/amazon-time-off-policy-federal-probe-sought-by-warren-sanders (last visited Jan. 25, 2025).

35. Amazon was placed on notice of Plaintiff's grievance and the allegations herein at least by June 2024.

36. On information and belief, Amazon has not changed its policies and continues to openly and unabashedly discriminate against individuals with disabilities and others protected under the law.

## FACTS SPECIFIC TO PLAINTIFF GILLARD

37. Amazon hired Plaintiff in or about August 2022 as a seasonal Warehouse Associate.

38. Plaintiff remained a temporary worker through November 2022.

39. Plaintiff was promoted in November 2022 to a full-time Fulfillment Associate.

40. Plaintiff suffered a workplace injury in or around February 2023.

41. As a result, Plaintiff was approved for leave under Amazon's policies beginning on February 1, 2023.

42. Plaintiff had a positive UPT balance upon beginning his leave.

43. Plaintiff remained on such approved leave through his return to work in May 2024.

44. Plaintiff received notification from Amazon on June 5, 2024, a few days after he returned to work, noting that he was terminated effective immediately because his UPT balance was -47 points.

45. Plaintiff's points were accrued while he was on approved and protected medical leave.

46. Plaintiff appealed his termination on June 7, 2024, in accordance with Amazon's policies.

47. During Plaintiff's appeal hearing, the Amazon appeal representative informed Plaintiff that they would "look into his concerns" and get back to him.

48. Amazon informed Plaintiff on June 14, 2024 that Amazon's policy was "applied properly and consistently" and that Plaintiff's appeal was denied.

49. Plaintiff received another e-mail from Amazon on June 23, 2024, noting that his leave "ends on May 26, 2024" and that he should return to work on May 27, 2024.

### Class Allegations

50. Plaintiff brings the claims set forth in Counts I – IV alleging violations of the ADA and unjust enrichment as a Rule 23(b)(3) class action, as applicable, on behalf of himself and the proposed Classes, consisting of:

**Attendance Point Class**

Defendant's employees who accrued attendance points during medical leave.

**Adverse Employment Action Class**

Defendant's employees who were terminated, demoted, denied a promotion, or had any other adverse employment action taken against them as result of attendance points accrued during medical leave.

51. Excluded from the Classes are: (1) Defendants; (2) Defendants' officers and directors, those persons' immediate families, and the successors and predecessors of any such excluded person or entity; (3) any Judge or Magistrate Judge presiding over this action, their staff, and the members of their family; (4) persons who properly and timely request exclusion; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (6) Defendant's employees who accrued points while on approved leave pursuant to the Family Medical Leave Act; and (7) Plaintiff's counsel and Defendants' counsel, and their experts and consultants.

52. The classes defined herein satisfies the requirements of Rule 23.

53. **Numerosity**. The members of the classes are so numerous that joinder of all members is impracticable, particularly given the high turnover rate in the logistics industry,

generally, and, specifically, during the course of and in the years immediately following the Covid-19 Pandemic.

54. In addition, Plaintiff believes, based on publicly available information, that the class includes at least thousands of members per year, particularly given that Amazon is one of the largest, if not the largest, employer in the country.

55. These individuals are readily identifiable through records that Defendants have an obligation to maintain under the law.

56. **Commonality and Predominance**. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others:

- Whether Defendant's attendance policy and practices has a disparate impact on employees with disabilities;
- Whether Defendant has a pattern and practice of discriminating and retaliating against employees with disabilities;
- Whether Defendant was aware of and committed to its pattern and practice of discriminating and retaliating against employees with disabilities because the cost of litigating these claims is less than the cost of creating and maintaining a compliant leave system;
- Whether Plaintiff and others similarly situated are entitled to damages and the extent of such damages;
- Whether, as a result of its conduct, Defendant is unfairly retaining a benefit, to the detriment of Plaintiff and the Class; and
- The extent of punitive damages necessary to force Amazon to impose appropriate leave and attendance policies and practices.

57. **Typicality**. Plaintiff's class claims are typical of the claims of all Members of the Classes insofar as all are subject to the same policies and consistent practices as noted, among other ways.

8

58. Plaintiff's interests in obtaining monetary relief for Defendant's violations of the Members of the Classes' rights are consistent with, and are not antagonistic to, those of any person within the Classes.

59. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of all Class Members. Plaintiff is a member of the Classes and was personally impacted by the alleged violations. Plaintiff understands the obligations inherent in representing a putative class and the sensitive nature of the interests at issue. Plaintiff has retained counsel competent and experienced in complex and class action litigation.

60. **Superiority**. A class action is a superior mechanism for the efficient and fair adjudication of the controversy alleged herein. Treatment on a class basis will allow a large number of similarly situated individuals to prosecute their modest claims in a single forum simultaneously and without the unnecessary duplication of cost, expense, and time that would be required by individual actions.

61. It is unlikely that the Court would encounter any impediments to maintaining Plaintiff's claims on a class basis and no superior alternative exists.

62. Plaintiff does not seek any category of relief greater than or different from the relief sought for the Classes of which Plaintiff is a member.

63. This action, if successful, will enforce an important right affecting the public interest nationally and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons.

**CLAIMS FOR RELIEF**

**COUNT I**
**Violation of the ADA (42 U.S.C. § 12101 *et seq.*)**
**On behalf of Plaintiff and the Classes**
**(Disparate Treatment)**

64.     Plaintiff incorporates the allegations in the foregoing Paragraphs as if fully stated herein.

65.     Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

66.     Amazon maintains a pattern and practice of discriminating against qualified individuals on the basis of disability in regard to their job advancement, discharge, compensation, and other terms, conditions, and privileges of employment, in violation of the ADA.

67.     Plaintiff and the Class Members were qualified, approved for, and took medical leave while they worked for Amazon.

68.     The terms and conditions of Amazon's medical leave approval process and requirements are such that those who qualify for a medical leave for their own care are disabled as defined by the ADA.

69.     Plaintiff and the Class Members are qualified individuals with disabilities within the meaning of the ADA.

70.     Defendant discriminated against Plaintiff and Class Members when Defendant attributed points to its employees during protected leaves.

71.     Defendant took further action against Plaintiff and the Members of the Adverse Employment Action Class, subsequently terminating, demoting, or otherwise taking an adverse

employment action against them as a result of the attendance points accrued during their approved leaves.

72. Defendant has a pattern and practice of allotting UPT attendance points to its employees for medical absences and then subjecting them to terminations and other adverse employment actions, in violation of the ADA.

73. Defendant's pattern and practice is also discriminatory even if it does not lead to terminations, insofar as it could prevent advancements internally, among other harms.

74. Accordingly, Plaintiff asks the Court to enter judgment finding in Plaintiff and the Classes' favor against Defendant and issue an order awarding compensatory damages, emotional distress damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just, proper, or equitable.

### COUNT II
**Violation of the ADA (42 U.S.C. § 12101 *et seq.*)**
**On behalf of Plaintiff and the Classes**
**(Retaliation)**

75. Plaintiff incorporates the allegations in the foregoing Paragraphs as if fully stated herein.

76. Defendant maintains a pattern and practice of coercing, intimidating, threatening, interfering, and/or retaliating against Plaintiff and Classes' Members for having exercised and enjoyed the rights granted to them under the ADA.

77. Plaintiff and Class Members applied and were approved for medical leave by Amazon pursuant to Amazon's own workplace policies.

78. Plaintiff and Class Members were assessed UPT points for absences during their approved medical leaves.

79. Upon return from their leaves, Plaintiff and Members of the Adverse Employment Action Class were terminated or suffered other adverse employment actions as a result of the attendance points assessed against them during their approved medical leaves.

80. Defendant's conduct would has a chilling effect on the workplace rights of disabled individuals.

81. Accordingly, Plaintiff asks the Court to enter judgment finding in Plaintiff's favor against Defendant and issue an order awarding compensatory damages, emotional distress damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just, proper, or equitable.

**COUNT III**
**Violation of the ADA (42 U.S.C. § 12101 *et seq.*)**
**On behalf of Plaintiff and the Classes**
**(Disparate Impact)**

82. Plaintiff incorporates the allegations in the foregoing Paragraphs as if fully stated herein.

83. Defendant maintains a policy of requiring imposing UPT points on its employees during approved medical absences.

84. Defendant's policy has a disparate impact on Plaintiff and other qualified individuals with disabilities, Members of the Classes, by assessing points against them during approved medical absences.

85. Defendant took further action against Plaintiff and Members of the Adverse Employment Action Class by subsequently taking adverse employment action against them as a result of the points assessed against them during such approved medical absences.

86.     Defendant regularly and knowingly terminates, demotes, fails to promote, and takes other adverse employment actions against qualified individuals with disabilities as a result of taking protected medical leave.

87.     Accordingly, Plaintiff asks the Court to enter judgment finding in Plaintiff and the Classes' favor against Defendants and issue an order awarding compensatory damages, emotional distress damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just, proper, or equitable.

**COUNT IV**
**Unjust Enrichment**
**on behalf of Plaintiff and the Classes**

88.     Plaintiff incorporates the foregoing allegations in Paragraphs 1 – 59 as if fully stated herein.

89.     By assessing points against Plaintiff and the Classes while they were on protected medical leave, Defendant was unjustly enriched by limiting its potential exposure to additional unpaid or disability-related time off, while pushing the expenses associated with such employees off onto insurers until Defendant was prepared to terminate their employment.

90.     Defendants' unjust enrichment occurred to the detriment of Plaintiff and members of the Classes.

91.     The benefit retained by Defendants is far greater than the amount of remuneration or other overhead they were able to avoid by assessing UPT points against employees during protected leave.

92.     In particular, the system would weed out those employees who regularly, or even sporadically, were required to rely on protected leave.

13

93. Defendant experienced the benefit of masking this self-executing discriminatory mechanism for terminating employees who used protected leave behind the guise of a system purported to be impartial and fair.

94. However, the system was anything but. Instead, Amazon's points system discriminated against each employee who took protected leave and were subject to the policy.

95. As a result of the conduct Defendant undertook to experience this benefit, Plaintiff and other Members of the Classes suffered and sustained a loss of their available unpaid time off, as well as the accrual of internally tracked demerits that could have catastrophic consequences for them, limiting their ability to utilize future leave as well as their status as an employee.

96. Defendants have thus been unjustly enriched by at least the amount that each unpaid day off assessed against Plaintiff and each member of the Classes would have cost Defendant, had Plaintiff and the Classes been able to utilize them.

97. Defendants' retention of these monetary benefits violates fundamental principles of justice, equity, and good conscience.

98. Plaintiff and the other members of the Classes are entitled to restitution in the amount by which Defendants have been unjustly enriched to Plaintiff and the members of the Classes' detriment, and an order requiring Defendants to disgorge any additional monies or other benefit they have retained as a result of their unjust and unlawful conduct.

### PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment finding in Plaintiff's favor against Defendants and issue an order:

a. Certifying the Classes pursuant to Rules 23(b) and (c);

b. Appointing Plaintiff Robert Gillard as Representative of the Classes and the undersigned as Class Counsel;

14

c.  Declaring that the actions complained of herein violate the ADA (42 U.S.C. § 12101 *et seq.*) in effect at the time of violation;

d.  Awarding declaratory relief;

e.  Awarding compensatory damages and other actual damages;

f.  Awarding emotional distress damages;

g.  Awarding punitive damages commiserate with the egregiousness of Defendant's knowing, willful, and/or reckless conduct;

h.  Awarding reasonable attorneys' fees and costs of this action; and

i.  Awarding such other relief as the Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues as to which a jury trial is available.

Dated: January 27, 2025                   Respectfully submitted,

**ROBERT GILLARD, on behalf of himself and others similarly situated**

By: /s/ *Laura Luisi*
Laura Luisi (Atty. No. 6321034)
Jamie Holz (Atty. No. 6319247)
**LUISI HOLZ LAW**
LuisiL@luisiholzlaw.com
161 N. Clark St., Ste. 1600
Chicago, Illinois 60601
Tel: (312) 639-4478

*Attorneys for Plaintiff and Putative Classes*

15

# EXHIBIT A

Enclosure with EEOC Notice of Closure and Rights (Release Date)

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/29/2024

**To:** Robert Guillard
c o Laura Luisi, Esq.
Luisi Holz Law
110 N. Wacker Drive. Suite 2500
Chicago, IL 60606
**via email:** luisi@luisiholzlaw.com

**Charge No: 21B-2014-01320**

EEOC Representative and email:

Sherice Galloway
State. Local & Tribal Programs Manager
sherice.galloway@eeoc.gov

## DISMISSAL OF CHARGE

Charging Party has opted out of an investigation to commence suit in court.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:Amrith Kaur Aakre
10 29 2024
Amrith Kaur Aakre
District Director

**Cc:**

AMAZON.COM SERVICES, LLC
c/o Chief Executive Officer
6605 Manhattan Road
Monmee, IL 60448
**via email:**