**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ROBERT GILLARD, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>        Defendant. | Case No. 1:25-cv-00914<br><br>Hon. John J. Tharp Jr. |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**ON THE BRIEF:**

Stephanie L. Sweitzer
Derek S. Franklin
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1773
F: (312) 324-1001
stephanie.sweitzer@morganlewis.com
derek.franklin@morganlewis.com

*Counsel for Defendant*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND ................................................................................. 3

III.   ARGUMENT ......................................................................................................... 4

     A.    Plaintiff Fails To Plead The Causation Required To Support A Disparate Treatment Claim (Count I). .................................................................. 4

     B.    Plaintiff's Retaliation Claim Under The ADA (Count II) Fails Because Plaintiff Has Not Pled Facts That Permit A Plausible Inference Of Causation. ......................................................................................... 7

     C.    Plaintiff's Disparate Impact Claim (Count III) Fails As A Matter Of Law. .......... 8

     D.    Plaintiff's Workers' Compensation Retaliation Claims (Counts IV, V And VI) Fail As A Matter Of Law. ................................................................ 11

         1.    Retaliation For Taking Protected Leave Is Not An Actionable Basis For A Retaliatory Discharge Claim Under Illinois Common Law. .................................................. 12

         2.    Plaintiff Cannot Bring A Retaliatory Discharge Claim Premised On An Employment Action Other Than His Termination. ...................... 13

         3.    Plaintiff Has Not Plausibly Alleged A Requisite Causal Connection Between His Workers' Compensation Claim And Termination. ................................................ 13

     E.    Plaintiff's Unjust Enrichment Claim (Count VII) Fails. ...................................... 15

     F.    The Class Claims Still Fail As A Matter Of Law. ............................................... 16

         1.    Plaintiff Pleads No Facts That Plausibly Suggest He Is Similarly Situated To Putative Class Members. ......................................... 16

         2.    Each Of Plaintiff's Claims Are Inherently Individualized And Cannot Be Resolved On A Classwide Basis. ........................................... 18

         3.    Due To Differing State Laws, Unjust Enrichment And Retaliatory Discharge Claims Are Not Appropriate For Classwide Treatment. ........ 20

     G.    Plaintiff Should Not Be Granted Leave To Amend The FAC. ........................... 22

IV.   CONCLUSION ................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdul-Aziz v. Show Dep't, Inc.*,
No. 09-CV-7609, 2010 WL 3516157 (N.D. Ill. Aug. 25, 2010) ................................................6

*Adams v. City of Indianapolis*,
742 F.3d 720 (7th Cir. 2014) .............................................................................................3, 9, 17

*Agnew v. Nat'l Collegiate Athletic Ass'n*,
683 F.3d 328 (7th Cir. 2012) ...................................................................................................22

*Allen v. Lackawanna Cnty. Bd. of Comm'rs*,
No. 3:18-CV-00209, 2019 WL 1212958 (M.D. Pa. Jan. 11, 2019), *objections
overruled*, No. 3:18-CV-209, 2019 WL 1210103 (M.D. Pa. Mar. 14, 2019).........................20

*Anfeldt v. United Parcel Serv., Inc.*,
No. 15 C 10401, 2017 WL 839486 (N.D. Ill. Mar. 3, 2017) ....................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................................................4

*Brown v. State Farm Mut. Auto. Ins. Co.*,
No. 23 C 6065, 2025 WL 81340 (N.D. Ill. Jan. 13, 2025) ......................................................16

*Chaudhry v. Amazon MDW2 Fulfillment Ctr.*,
No. 17 C 4882, 2017 WL 6059934 (N.D. Ill. Dec. 7, 2017), *aff'd sub nom.
Chaudhry v. Amazon.com.dedc, LLC*, 751 F. App'x 951 (7th Cir. 2019) ................................7

*Cleary v. Philip Morris Inc.*,
656 F.3d 511 (7th Cir. 2011) ...................................................................................................15

*DiFranco v. City of Chicago*,
No. 21 C 1600, 2022 WL 672746 (N.D. Ill. Mar. 7, 2022) ......................................................5

*Dinerstein v. Google, LLC*,
484 F. Supp. 3d 561 (N.D. Ill. 2020) ......................................................................................15

*Dooley v. Abbott Laboratories*,
No. 07 C 7249, 2009 WL 1033600 (N.D. Ill. Apr. 17, 2009)....................................................8

*E.E.O.C. v. Celadon Trucking Servs., Inc.*,
No. 1:12-CV-00275-SEB, 2015 WL 3961180 (S.D. Ind. June 30, 2015)..............................19

*Emerson v. Dart*,
109 F.4th 936 (7th Cir. 2024) ....................................................................................14

*Emerson v. Dart*,
900 F.3d 469 (7th Cir. 2018) ......................................................................................14

*Emerson v. Dart*,
No. 21-CV-06407, 2023 WL 5152689 (N.D. Ill. Aug. 10, 2023), *aff'd*, 109
F.4th 936 (7th Cir. 2024) ...........................................................................................13

*Flasza v. TNT Holland Motor Exp., Inc.*,
159 F.R.D. 672 (N.D. Ill. 1994)..................................................................................11

*Fox v. Adams & Assocs.*,
2020 IL App (1st) 182470 (1st Dist. 2020)................................................................14

*Gen. Tel. Co. v. Falcon*,
457 U.S. 147 (1982)....................................................................................................18

*H.P. v. Naperville Cmty. Unit Sch. Dist. #203*,
No. 17 C 5377, 2017 WL 5585627 (N.D. Ill. Nov. 20, 2017)...........................10, 17

*Hillmann v. City of Chicago*,
834 F.3d 787 (7th Cir. 2016) ...............................................................................13, 14

*Holt v. Foot Locker Retail, Inc.*,
631 F. Supp. 3d 1009 (D. Kan. 2022), *aff'd*, No. 22-3240, 2023 WL 6938286
(10th Cir. Oct. 20, 2023)............................................................................................21

*Holyfield-Cooper v. Bd. of Educ. of Chi.*,
No. 13 C 3625, 2014 WL 11370443 (N.D. Ill. June 9, 2014) .....................................7

*Hoppe v. Lewis Univ.*,
692 F.3d 833 (7th Cir. 2012) .......................................................................................5

*Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*,
804 F.3d 826 (7th Cir. 2015) .....................................................................................16

*Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*,
665 F.3d 930 (7th Cir. 2012) .....................................................................................22

*Jacobson v. Knepper & Moga, P.C.*,
706 N.E.2d 491 (1998)................................................................................................11

*Lee v. Chi. Transit Auth.*,
No. 12-CV-09180, 2016 WL 6680483 (N.D. Ill. Nov. 14, 2016), *aff'd*, 696 F.
App'x 752 (7th Cir. 2017) .............................................................................................6

iii

*Limestone Dev. Corp. v. Village of Lemont,*
    520 F.3d 797 (7th Cir. 2008) ...........................................................................................16

*Maksimovic v. Tsogalis,*
    687 N.E.2d 21 (Ill. 1997) .................................................................................................12

*Massey v. Krispy Kreme Doughnut Corp.,*
    917 So. 2d 833 (Ala. Civ. App. 2005) .............................................................................21

*McCauley v. City of Chicago,*
    671 F.3d 611 (7th Cir. 2011) ...........................................................................................16

*MetroPCS v. Devor,*
    215 F. Supp. 3d 626 (N.D. Ill. 2016) ...............................................................................16

*Metzger v. DaRosa,*
    209 Ill. 2d 30 (2004) ........................................................................................................13

*Miller v. Ford Motor Co.,*
    152 F. Supp. 2d 1046 (N.D. Ill. 2001) .............................................................................11

*Monroe v. Jewel Food Stores, Inc.,*
    No. 18-CV-1499, 2021 WL 534662 (N.D. Ill. Feb. 12, 2021) .........................................6

*Newbold v. State Farm Mut. Auto. Ins. Co.,*
    No. 13 C 9131, 2015 WL 13658554 (N.D. Ill. Jan. 23, 2015) .........................................3

*Phillips Petroleum Co. v. Shutts,*
    472 U.S. 797 (1985).........................................................................................................21

*Puffer v. Allstate Ins. Co.,*
    675 F.3d 709 (7th Cir. 2012) ...............................................................................9, 10, 19

*Raye v. Agora Mktg. Sols., Inc.,*
    No. 8:10-CV-1215-T-23TBM, 2010 WL 11507870 (M.D. Fla. July 12, 2010) ...............22

*Richards v. U.S. Steel,*
    869 F.3d 557 (7th Cir. 2017) ...........................................................................................12

*Roberts v. City of Chicago,*
    817 F.3d 561 (7th Cir. 2016) ........................................................................................5, 9

*Russell v. Village of Skokie,*
    No. 24-CV-5197, 2025 WL 1489229 (N.D. Ill. May 23, 2025).........................................8

*Ryder v. Beaumont Health, Inc.,*
    No. 18-10760, 2018 WL 11176492 (E.D. Mich. Nov. 2, 2018)........................................20

*Saleh as Tr. of Nabil Saleh M.D. LTD Pension Plan v. Merch.*,
No. 14-CV-09186, 2019 WL 1331788 (N.D. Ill. Mar. 25, 2019) (Tharp, Jr., J.)....................15

*Schneiker v. Fortis Ins. Co.*,
200 F.3d 1055 (7th Cir. 2000) ......................................................................................19

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*,
No. 05 C 2623, 2007 WL 4287511 (N.D. Ill. Dec. 4, 2007) ......................................21

*Severson v. Heartland Woodcraft, Inc.*,
872 F.3d 476 (7th Cir. 2017) ......................................................................................19

*Smajlovic v. Ann & Robert H. Lurie Children's Hosp. of Chi.*,
No. 15-CV-01243, 2016 WL 3595734 (N.D. Ill. July 5, 2016)....................................6

*Smith v. City of Jackson*,
544 U.S. 228 (2005)..............................................................................................9, 20

*Spearman v. Exxon Coal USA, Inc.*,
16 F.3d 722 (7th Cir. 1994) ........................................................................................11

*Stevens v. Ill. Dep't of Transp.*,
210 F.3d 732 (7th Cir. 2000) ........................................................................................4

*Strong v. Quest Diagnostics Clinical Laboratories, Inc.*,
No. 19-CV-4519, 2021 WL 354000 (N.D. Ill. Feb. 2, 2021) (Tharp, Jr., J.)............................14

*Swan v. Bd. of Educ. of Chi.*,
No. 13 C 3623, 2013 WL 4401439 (N.D. Ill. Aug. 15, 2013)............................................9, 10

*Tate v. Dart*,
51 F.4th 789 (7th Cir. 2022) ......................................................................................12

*Trahanas v. Nw. Univ.*,
No. 15-11192, 2017 WL 2880879 (N.D. Ill. July 6, 2017) ........................................4

*Turner v. Liberty Nat. Life Ins. Co.*,
488 F. Supp. 2d 672 (M.D. Tenn. 2007)....................................................................21

*Turner v. The Saloon, Ltd.*,
595 F.3d 679 (7th Cir. 2010) ........................................................................................7

*Ulatowski v. John Sterling Corp.*,
No. 03 C 8847, 2004 WL 1385829 (N.D. Ill. June 17, 2004) ..................................12

*Van Gorp v. Eli Lilly & Co.*,
No. 22-cv-01650, 2023 WL 5486052 (S.D. Ind. Aug. 24, 2023)..........................10

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .................................................................................................17

*Wilke v. Salamone*,
    404 F. Supp. 2d 1040 (N.D. Ill. 2005) ...................................................................11

*Zimmerman v. Buchheit of Sparta, Inc.*,
    164 Ill. 2d 29 (1994) ..............................................................................................13

**Statutes**

775 ILCS 5/8-111(D) ....................................................................................................12

820 ILCS 305/4(h) ........................................................................................................11

42 U.S.C. § 12102(1) ....................................................................................................19

42 U.S.C. § 12112(a) ..................................................................................................4, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................3, 4, 6

Fed R. Civ. P. 23 ..........................................................................................................20

vi

## I.     INTRODUCTION

Instead of curing the deficiencies Defendant Amazon.com Services LLC ("Amazon") identified in its motion to dismiss the initial Complaint, Plaintiff's First Amended Complaint (Dkt. 21, "FAC") compounds them. In addition to—again—broadly asserting individual and nationwide class action claims under the Americans with Disabilities Act ("ADA") alleging disparate treatment (Count I), retaliation (Count II), and disparate impact (Count III) on behalf of Amazon "employees who accrued [attendance] points during a medical leave" (the "ADA Sub-Class"), and a nationwide common law unjust enrichment claim (Count VII) on behalf of "employees who accrued [attendance] points during leave granted or protected pursuant to federal, state, or local law" (the "UPT Class"), Plaintiff now also asserts three sweeping individual and class action claims alleging Amazon retaliated against Plaintiff and three separate putative subclasses for "taking protected leave and/or making a workers' compensation claim" (Count IV) and "exercis[ing] their rights granted by Illinois Workers' Compensation laws and those of states that are materially similar" (Counts V and VI). He purports to bring Count IV on behalf of a nationwide class of "employees who accrued UPT points during leave granted or protected pursuant to federal, state, or local law and were terminated as a result of their negative UPT balance" (the "Retaliatory Discharge Sub-Class"), and Counts V and VI on behalf of "employees who made a claim for workers' compensation benefits and were terminated as result of UPT points accrued during leave associated with the workplace injury" (the "Multi-State" and "Illinois" subclasses). No matter how Plaintiff recasts his claims, however, he fails to plead sufficient facts rendering them plausible.

*First*, Plaintiff again fails to plead the causation required to support either an ADA disparate treatment claim or retaliation claim. The FAC is devoid of any facts from which the Court can plausibly infer that Amazon terminated Plaintiff's employment *because of* an actual or

perceived disability. Nor has Plaintiff plausibly alleged his termination was *because of*—or connected in any way to—protected activity.

*Second*, Plaintiff's disparate impact claim under the ADA fails because he still does not plead numerical or statistical evidence to support such a claim.

*Third*, Plaintiff's workers' compensation retaliation claims fail because a common law retaliation claim premised on taking protected leave is preempted by the Illinois Human Rights Act ("IHRA"), and also falls outside the two narrow categories of retaliatory discharge claims that Illinois courts have permitted (Illinois Workers' Compensation Act ("IWCA") retaliation claims and whistleblower retaliation claims). Illinois tort law also does not permit retaliatory discharge claims where the adverse action falls short of termination, meaning these claims fail to the extent premised on receiving attendance points as a form of retaliation. Further, Plaintiff does not plausibly allege a causal connection existed between filing a workers' compensation claim and Amazon's termination of his employment sixteen months later.

*Fourth*, as Amazon pointed out in its original motion, Illinois does not recognize a stand-alone claim for unjust enrichment, so Plaintiff's unjust enrichment claim fails for the same reasons as his ADA claims. Further, the alleged benefit Amazon denied Plaintiff—*unpaid* time off—lacks independent monetary value, which is required to assert a claim for unjust enrichment.

Finally, even if Plaintiff had sufficiently asserted claims on behalf of himself (he has not), his putative class action claims should be dismissed because the FAC fails to plausibly allege Plaintiff is similarly situated to members of any of the putative classes and sub-classes Plaintiff has identified. Additionally, Plaintiff's claims are far too divergent and individualized to be adjudicated on a classwide basis, even under the *Teamsters* framework that would govern the pattern-or-practice allegations in this matter. Because Plaintiff has not pled factual allegations

sufficient to state any plausible claim for relief under any theory, the FAC should be dismissed in its entirety with prejudice.

## II.     FACTUAL BACKGROUND[1]

Plaintiff began working as a temporary employee at Amazon's MDW7 fulfillment center in Monee, Illinois in or around August 2022, before transitioning to full-time employment at the same facility as a Fulfillment Associate in or around November 2022. *See* ECF Doc. No. 1, Class Action Complaint (the "Complaint") ¶¶ 49-51, 90. Only a few months later, on January 31, 2023, Plaintiff "injured his back as a result of lifting heavy boxes at work." FAC ¶ 52. On February 1, 2023, he "was approved for leave under Amazon's policies." FAC ¶ 55. Also on February 1, 2023, Plaintiff submitted a workers' compensation claim. FAC ¶ 127.

Plaintiff's continuous leave of absence ("LOA") began in February 2023 and lasted approximately fifteen months "through his return to work in May 2024." FAC ¶¶ 55, 57. He contends his unpaid time off ("UPT") balance was positive at the time his LOA first began, but that by June 5, 2024, following his return to work in May, his UPT balance "was -47 points." *Id.* ¶¶ 56, 59.[2] Due to his negative UPT balance, on June 5, 2024, Amazon notified Plaintiff of his termination effective immediately for violating the Company's attendance policy. FAC ¶ 59. Despite Amazon's Attendance Unpaid Time policy ("Attendance Policy") stating that "Amazon does not deduct UPT when absences are covered by paid time off, one of our leave of absence (LOA) policies, Accommodations Policy, or applicable law" (*see* Ex. A),[3] Plaintiff contends the

---

[1] The facts in the FAC are assumed to be true for purposes of this motion only.

[2] UPT is a benefit intended to provide Amazon employees with an allotment of unpaid time off to account for situations that may prevent them from working their scheduled hours.

[3] "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *Newbold v. State Farm Mut. Auto. Ins. Co.*, No. 13 C 9131, 2015 WL 13658554, at *4 (N.D. Ill. Jan. 23, 2015) (Tharp, Jr., J.) (finding the court could consider documents referenced in a complaint but attached to a motion to dismiss "without converting this Rule 12(b)(6) motion into a Motion

3

negative UPT balance accrued during his fifteen-month-approved LOA. FAC ¶ 60. He "appealed his termination on June 7, 2024, in accordance with Amazon's policies"; the appeal was denied on June 14, 2024, after a peer panel confirmed "Amazon's policy was 'applied properly and consistently.'" FAC ¶¶ 63, 66.

## III.    ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), the FAC must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[N]aked assertions devoid of further factual enhancement" are inadequate. *Iqbal*, 556 U.S. at 678. The assumption of truth is inapplicable to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citations omitted).

### A.    Plaintiff Fails To Plead The Causation Required To Support A Disparate Treatment Claim (Count I).

The FAC still falls woefully short of sufficiently pleading that Amazon treated Plaintiff adversely *on the basis of* any disability. To state a claim for disability discrimination based on disparate treatment, Plaintiff must allege facts that plausibly establish that Amazon took an adverse action against him *because of* his alleged disability. 42 U.S.C. § 12112(a); *see also, e.g.*, *Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000); *Trahanas v. Nw. Univ.*, No. 15-11192, 2017 WL 2880879, at *3 (N.D. Ill. July 6, 2017). Simply being disabled is not enough. *See*

---

for Summary Judgment"). Plaintiff repeatedly refers to Amazon's Attendance Policy throughout the FAC and asserts it is the basis for his ADA and unjust enrichment claims. FAC ¶¶ 1–2, 5, 19–20, 25–28, 30, 35, 37, 40, 42–43, 45, 48, 55, 66, 75–76, 101, 109–110, 148.

*DiFranco v. City of Chicago*, No. 21 C 1600, 2022 WL 672746, at \*5 (N.D. Ill. Mar. 7, 2022) (citing *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838–39 (7th Cir. 2012)); *see also Roberts v. City of Chicago*, 817 F.3d 561, 565–67 (7th Cir. 2016) (to sufficiently allege causation at the motion-to-dismiss stage, "plaintiffs must plead sufficient facts supporting an inference that the [employer] discriminated against them 'on the basis of disability'" (quoting 42 U.S.C. § 12112(a))).

The FAC includes no such factual allegations. Plaintiff does not claim that anyone at Amazon did or said anything evidencing discriminatory animus or otherwise demonstrating that he was terminated *because of* his disability. To the contrary, Plaintiff premises his disparate treatment claim on the purported accrual of attendance points under Amazon's attendance policy while he was on a medical leave, but then repeatedly acknowledges that attendance policy applies uniformly to disabled and non-disabled Amazon employees. *Compare* FAC ¶ 96 (asserting Amazon "has a pattern and practice of allotting UPT attendance points to its employees for medical absences and then subjecting them to terminations and other adverse employment actions, in violation of the ADA") *with*:

- "**Amazon employees** are 'charged' UPT attendance points for absences during internally approved medical, military, pregnancy, domestic violence, jury, voting, and other leaves." FAC ¶ 21 (emphasis added).

- "If an **Amazon employee** utilizes more UPT than they have available to them, their UPT balance will be negative and deemed 'US Unpaid Time Overdraft.'" FAC ¶ 22 (emphasis added).

- "Amazon will **automatically use an employee's** PTO to cover negative UPT balances." FAC ¶ 23 (emphasis added).

- "**Amazon employees** return from Amazon approved leaves, such as a medical leave, like Plaintiff, with negative or very low UPT balances." FAC ¶ 31 (emphasis added).

- "Amazon knows, or has reason to know, that its policies unduly target those that take approved and often protected forms of leave, **regardless of the purpose or reason for such leave**." FAC ¶ 45 (emphasis added).

Further, Plaintiff attributes the decision to terminate his employment to a purported "automated electronic point system which automatically deducts and adds points and takes adverse employment actions," and which allegedly "does not allow for human override." FAC ¶¶ 29, 30. Amazon denies that its attendance policy lacked human involvement and oversight, but even if it did, this fact fundamentally undermines Plaintiff's claim, because it is incompatible with Plaintiff's contention that Amazon "openly and unabashedly discriminate[d] against individuals with disabilities." FAC ¶ 48.

The absence of any facts supporting Plaintiff's conclusory legal assertions would require the Court to "simply assume that [Amazon] was acting in bad faith, [even if] there are many innocent explanations as well." *Monroe v. Jewel Food Stores, Inc.*, No. 18-CV-1499, 2021 WL 534662, at *5 (N.D. Ill. Feb. 12, 2021). The underlying disparate treatment claim, that Amazon "discriminated against Plaintiff and Class Members when Defendant attributed points to them during protected leaves," FAC ¶ 93, is precisely the type of unadorned legal conclusion—unmoored from any plausible *factual* allegations—that courts consistently reject as insufficiently pled under Rule 12(b)(6). *See, e.g.*, *Lee v. Chi. Transit Auth.*, No. 12-CV-09180, 2016 WL 6680483, at *6 (N.D. Ill. Nov. 14, 2016), *aff'd*, 696 F. App'x 752 (7th Cir. 2017) (dismissing disability discrimination claim where plaintiff pleaded "no facts from which the Court can infer that any [company] policy—either on its face or as applied—violates the ADA" and failed to "even make clear whether there is a single policy or multiple policies at issue"); *Smajlovic v. Ann & Robert H. Lurie Children's Hosp. of Chi.*, No. 15-CV-01243, 2016 WL 3595734, at *4 (N.D. Ill. July 5, 2016) (dismissing disability discrimination claim where plaintiff did "not allege any facts to support an inference that he was terminated not because of his extended absence but because of his disability itself"); *Abdul-Aziz v. Show Dep't, Inc.*, No. 09-CV-7609, 2010 WL 3516157, at *3

(N.D. Ill. Aug. 25, 2010) (dismissing disability discrimination claim where plaintiff failed "to allege that any adverse employment action was taken against him *because of his disability*" (emphasis in original)). Given the absence of a plausible suggestion in the FAC that Amazon took any adverse action against Plaintiff *because of* his purported disability, Plaintiff's disparate treatment claim fails as a matter of law and should be dismissed.

### B. Plaintiff's Retaliation Claim Under The ADA (Count II) Fails Because Plaintiff Has Not Pled Facts That Permit A Plausible Inference Of Causation.

The FAC likewise still fails to allege sufficient facts to support Plaintiff's contention that Amazon retaliated against him for asserting his rights under the ADA. To survive a motion to dismiss, Plaintiff must set forth facts supporting: (1) he engaged in statutorily protected activity; (2) Amazon subjected him to an adverse employment action; and (3) a causal connection existed between the two events. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 690 (7th Cir. 2010). "The mere fact that one event preceded another does nothing to prove that the first event caused the second." *Holyfield-Cooper v. Bd. of Educ. of Chi.*, No. 13 C 3625, 2014 WL 11370443, at *5 (N.D. Ill. June 9, 2014) (retaliation claim failed where plaintiff did not connect protected activity to adverse employment action). Rather, Plaintiff must allege Amazon subjected him "to an adverse employment action because [he] engaged in activity protected by the ADA." *Chaudhry v. Amazon MDW2 Fulfillment Ctr.*, No. 17 C 4882, 2017 WL 6059934, at *3 (N.D. Ill. Dec. 7, 2017), *aff'd sub nom. Chaudhry v. Amazon.com.dedc, LLC*, 751 F. App'x 951 (7th Cir. 2019). Because Plaintiff has not offered any well-pleaded allegations from which the Court could infer a causal connection between Plaintiff's alleged protected activity and any alleged adverse action, his ADA retaliation claim fails.

Plaintiff baldly alleges Amazon "maintains a pattern and practice of . . . retaliating against Plaintiff and Classes' Members for having exercised and enjoyed the rights granted to them under

the ADA," FAC ¶ 100, and contends that he and putative class members "were terminated or suffered other adverse employment actions as a result of the attendance points assessed against them during their approved medical leaves." FAC ¶ 104. But the FAC is devoid of any factual allegations making it plausible that Plaintiff's termination was motivated by his request for leave or him taking leave as an accommodation for his purported disability.

As explained above, Plaintiff has not even alleged that the decisionmaker for his termination had any knowledge of his alleged protected activity under the ADA. In fact, the FAC seems to allege there was no decisionmaker at all, attributing his termination to an "automated electronic point system." *See supra* at 6. Absent a decisionmaker with such knowledge, Plaintiff cannot show causation and his claim falls flat. *See Dooley v. Abbott Laboratories*, No. 07 C 7249, 2009 WL 1033600, at *8 (N.D. Ill. Apr. 17, 2009) ("Before a plaintiff can succeed on a retaliation claim [under the ADA], she must show that the decisionmaker had actual knowledge that the plaintiff engaged in statutorily protected activity."); *see also, e.g.*, *Russell v. Village of Skokie*, No. 24-CV-5197, 2025 WL 1489229, at *8 (N.D. Ill. May 23, 2025) (dismissing plaintiff's ADA retaliation claim because she failed to "allege that her statutorily protected activity was close in time to the failure to promote her, or anything else that could lead to the reasonable inference that there was some connection between the two").

Put simply, Plaintiff's mere belief that Amazon retaliated against him is based on nothing more than rank speculation and conjecture, which is not enough to state an actionable retaliation claim. Without sufficient factual allegations linking any retaliatory conduct to Plaintiff's request for accommodation, his retaliation claim should be dismissed.

### C. Plaintiff's Disparate Impact Claim (Count III) Fails As A Matter Of Law.

As with the original Complaint, Plaintiff's disparate impact claim is still defective because the FAC lacks any non-anecdotal, non-conclusory evidence that "(1) isolate[s] and identif[ies]

specific practices that are allegedly responsible for any observed statistical disparities; and (2) establish[es] causation by 'offer[ing] statistical evidence of a kind and degree sufficient to show that the practice in question has caused the [alleged harm] because of their membership in a protected group.'" *Swan v. Bd. of Educ. of Chi.*, No. 13 C 3623, 2013 WL 4401439, at *12 (N.D. Ill. Aug. 15, 2013) (quoting *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 717 (7th Cir. 2012)). "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005). Rather, a plaintiff must plausibly allege the policy had a "'a relevant and statistically significant disparity' between disabled and non-disabled [employees]." *Roberts*, 817 F.3d at 566 (quoting *Adams*, 742 F.3d at 733).

No allegations in the FAC support an inference that Amazon's attendance policy had any *statistical impact* on disabled employees, as Plaintiff merely asserts, in conclusory fashion, that Amazon's attendance policy "has a disparate impact on Plaintiff and other [allegedly] qualified individuals with disabilities . . . by assessing points against them during approved medical absences." FAC ¶ 110. Further, the FAC acknowledges Amazon's attendance policy commonly impacts both disabled employees *and* "other individuals on approved leaves, including . . . active service members and those grieving the loss of loved ones." FAC ¶ 9; *see also* FAC ¶ 45 (alleging Amazon's "policies unduly target those that take approved and often protected forms of leave, ***regardless of the purpose or reason for such leave***" (emphasis added)). This is not enough to sustain a disparate impact claim. *See, e.g.*, *Roberts*, 817 F.3d at 566 (affirming dismissal of disparate impact claim where, in relevant part, the complaint failed to allege a statistically significant disparity between a mandatory vaccination mandate's impact on disabled and non-disabled employees).

9

In *Van Gorp v. Eli Lilly & Co.*, the court dismissed a similarly deficient disparate impact claim where the plaintiff identified a facially neutral policy but failed to plausibly allege how that policy disparately impacted disabled individuals compared to other groups to which the policy uniformly applied. No. 22-cv-01650, 2023 WL 5486052, at *6 (S.D. Ind. Aug. 24, 2023). As the court explained, "[w]ithout knowing the number of medical . . . accommodation requests submitted, and the number of those requests approved or denied, it is impossible to know whether disabled employees were disproportionately affected by the [policy]." *Id.* The same is true here. Plaintiff contends Amazon's policy, which he asserts applies uniformly to all employees, has a discriminatory effect on him and other disabled employees without any specific allegations as to the nature and extent of that purported effect. Given that employees can be absent for a wide variety of reasons, and not everyone on a medical LOA is per se disabled under the ADA, this does not suffice to support a disparate impact claim. *See H.P. v. Naperville Cmty. Unit Sch. Dist. #203*, No. 17 C 5377, 2017 WL 5585627, at *5 (N.D. Ill. Nov. 20, 2017) (dismissing disparate impact claim where complaint failed to "allege what negative effect the . . . Policy has on students with disabilities other than herself" and did not "describe how that negative effect falls on students with a disability to a greater extent than other students").

By not alleging *any* numerical or statistical evidence, much less "statistical evidence of a kind and degree sufficient to show" that Amazon's attendance policy *caused* disability-based discrimination, *Puffer*, 675 F.3d at 717, Plaintiff's disparate impact claim fails as a matter of law and should be dismissed, *see, e.g.*, *Swan*, 2013 WL 4401439, at *20 (finding no prima facie disparate impact claim because "Plaintiffs have failed to provide the Court with statistical evidence of a kind and degree sufficient to show that Plaintiffs are likely to succeed on their claim").

10

**D.     Plaintiff's Workers' Compensation Retaliation Claims (Counts IV, V And VI) Fail As A Matter Of Law.**

Plaintiff also now alleges Amazon retaliated against him and three putative subclasses in connection with taking leaves of absence and/or filing workers' compensation claims. *See* FAC ¶¶ 120, 131-132, 138. While the IWCA prohibits employers from interfering with, or discharging an employee because of, the employee's exercise of IWCA rights, nothing in the IWCA expressly provides a remedy for an employee in the event the statute is violated. *See generally* 820 ILCS 305/4(h). Rather, the remedy for an IWCA retaliation claim lies in the common law tort of retaliatory discharge. *See Flasza v. TNT Holland Motor Exp., Inc.*, 159 F.R.D. 672, 681 (N.D. Ill. 1994) (citing *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994)).

"Illinois courts have repeatedly limited the reach of the retaliatory discharge claim," *Wilke v. Salamone*, 404 F. Supp. 2d 1040, 1049 (N.D. Ill. 2005), recognizing a clear mandate of public policy sufficient to establish the tort of retaliatory discharge in just two settings: "where an employee is fired (1) for filing, or in anticipation of filing, a claim under the [IWCA]; and (2) in retaliation for reporting illegal or improper conduct, i.e., 'whistleblowing.'" *Miller v. Ford Motor Co.*, 152 F. Supp. 2d 1046, 1049 (N.D. Ill. 2001) (citing *Jacobson v. Knepper & Moga, P.C.*, 706 N.E.2d 491, 493 (1998)).

Each of Plaintiff's workers' compensation–related retaliation claims fails to state an actionable claim and should be dismissed. First, to the extent Plaintiff purports to bring a retaliatory discharge claim premised on taking a protected LOA outside of seeking workers' compensation benefits, the claim is preempted by the IHRA, and also falls outside the narrow situations in which Illinois courts permit retaliatory discharge claims. Second, Illinois law also does not permit Plaintiff to allege a retaliatory discharge claim premised on an adverse action other than his termination, such as receiving attendance points. Third, Plaintiff's workers' compensation

11

retaliation claims fail because he cannot demonstrate a causal connection between his termination and his workers' compensation filing sixteen months earlier.

1.   *Retaliation For Taking Protected Leave Is Not An Actionable Basis For A Retaliatory Discharge Claim Under Illinois Common Law.*

Plaintiff alleges in Counts IV through VI that Amazon retaliated against him "for taking protected leave and/or making a workers' compensation claim." FAC ¶ 120; *see also* FAC ¶¶ 123, 134 (incorporating allegations in foregoing paragraphs by reference). Where, as here, a retaliatory discharge claim is "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself," it is preempted by the IHRA. *Richards v. U.S. Steel*, 869 F.3d 557, 564 (7th Cir. 2017) (citing *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997)); *see also* 775 ILCS 5/8-111(D) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in [the IHRA]."); *Ulatowski v. John Sterling Corp.*, No. 03 C 8847, 2004 WL 1385829, at *5 (N.D. Ill. June 17, 2004) (dismissing plaintiff's tort claims where complaint "does not contain any separate and distinct factual allegations about her tort claims, as opposed to her disability discrimination claim").

Because Plaintiff's leave-based retaliatory discharge claim relies on the same allegations as his ADA retaliation claim, it is inextricably linked to allegations that would constitute a "civil rights violation" under the IHRA and, therefore, is preempted. *See Tate v. Dart*, 51 F.4th 789, 793 (7th Cir. 2022) ("Illinois courts analyze IHRA claims under a framework that is practically indistinguishable from the ADA framework."); *see also* FAC ¶ 105 ("[Amazon] retaliated against qualified individuals with disabilities by assessing UPT points for taking an approved and protected medical leave."); FAC ¶ 120 ("Plaintiff and Retaliatory Discharge Class Members' terminations were in retaliation for taking protected leave . . . .").

> 2.      *Plaintiff Cannot Bring A Retaliatory Discharge Claim Premised On An Employment Action Other Than His Termination.*

In Count VI of the FAC, Plaintiff alleges that he and members of the putative Multi-State Workers' Compensation Class were "retaliated against when Amazon assessed points against them . . . as a result of exercising [IWCA and similar state statutory] rights." FAC ¶ 138. This component of Count VI fails as a matter of law because, as the name of the claim implies, the tort of retaliatory discharge does not extend to retaliatory conduct short of discharge. *See, e.g.*, *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 35 (1994) ("[T]he element of discharge in violation of a clear public policy is essential to the tort [of retaliatory discharge]."); *Metzger v. DaRosa*, 209 Ill. 2d 30, 44 (2004) ("We have, however, *never* recognized a common law tort for any injury short of actual discharge." (emphasis in original)).

> 3.      *Plaintiff Has Not Plausibly Alleged A Requisite Causal Connection Between His Workers' Compensation Claim And Termination.*

Counts IV through VI also commonly allege that Amazon terminated Plaintiff and members of the three putative subclasses in retaliation for exercising rights under the IWCA and similar state statutes (i.e., by filing workers' compensation claims). *See* FAC ¶¶ 120, 131–132, 138. To prevail on an IWCA retaliation claim under common law, Plaintiff must show: (1) he was employed by Amazon at the time of his injury; (2) he exercised a right granted by the IWCA; and (3) his discharge was causally related to the exercise of his rights under the IWCA. *Hillmann v. City of Chicago*, 834 F.3d 787, 793–94 (7th Cir. 2016). "[B]ut-for causation is necessary but not sufficient to prove the causation element of a retaliatory-discharge claim." *Id.* at 794. This "requires—at a minimum—that the relevant decision-maker knew that the employee intended to file or had filed a workers' compensation claim." *Id.* "[S]imply filing a workers' compensation claim, and later being terminated, is insufficient by itself to allege an IWCA claim." *Emerson v. Dart*, No. 21-CV-06407, 2023 WL 5152689, at *3 (N.D. Ill. Aug. 10, 2023), *aff'd*, 109 F.4th 936

13

(7th Cir. 2024). Plaintiff fails to plausibly allege a causal connection between his termination and exercising of IWCA rights.

First, Plaintiff acknowledges that Amazon terminated his employment on June 5, 2024— *sixteen months* after he filed a workers' compensation claim on February 1, 2023. FAC ¶¶ 59, 127. "Where there is a significant gap in time between the right exercised and the employee's termination, a court may find as a matter of law that causation cannot be shown." *Fox v. Adams & Assocs.*, 2020 IL App (1st) 182470 at *64 (1st Dist. 2020) (finding that almost two-year gap between workers' compensation claim and termination does not establish a retaliatory discharge claim under IWCA); *Emerson v. Dart*, 109 F.4th 936, 942 (7th Cir. 2024) ("[T]he mere fact that Emerson filed a workers' compensation claim five years before she was fired falls short of stating a plausible claim for relief."); *Strong v. Quest Diagnostics Clinical Laboratories, Inc.*, No. 19-CV-4519, 2021 WL 354000, at *8 (N.D. Ill. Feb. 2, 2021) (Tharp, Jr., J.) (granting dismissal of IWCA claim where plaintiff was terminated more than four years after filing a workers' compensation claim). The distant temporal proximity between when Plaintiff filed his workers' compensation claim and when he was terminated erodes the plausibility of a causal connection between those two events.

Second, Plaintiff fails to allege the existence of a decisionmaker at all with respect to his termination, much less a decisionmaker who was aware he had filed a workers' compensation claim. *See Hillmann*, 834 F.3d at 794; *Emerson v. Dart*, 900 F.3d 469, 472 (7th Cir. 2018) (alleged misdeeds count as retaliation only if decisionmakers had actual knowledge of protected activity). Here, Plaintiff contends an "automated electronic point system" that "does not allow for human override" unilaterally terminated his employment, yet he never alleges this "system" knew of any workers' compensation claim he filed or factored such information into its purported process of

14

"automatically deduct[ing] and add[ing] points and tak[ing] adverse employment actions." FAC ¶¶ 29, 30. Because Plaintiff has not plausibly alleged that his exercise of IWCA rights in 2023 was a factor in his termination over a year later, the Court should dismiss Counts IV through VI with prejudice.

### E. Plaintiff's Unjust Enrichment Claim (Count VII) Fails.

The FAC does nothing to correct the deficiencies with respect to Plaintiff's unjust enrichment claim. He contends again that Amazon unjustly enriched itself "by limiting its potential exposure to additional unpaid or disability-related time off" through "assessing points against Plaintiff and the Classes while they were on protected leaves," and has "thus been unjustly enriched by at least the amount that each unpaid day off assessed against Plaintiff and each member of the Classes would have cost Defendant, had Plaintiff and the Classes been able to utilize them." FAC ¶¶ 143, 150. Because Plaintiff's claim for unjust enrichment is based on the same conduct supporting his ADA claims, i.e., allegedly "assessing points against Plaintiff and the Classes while they were on protected leaves," FAC ¶ 143, it too must be dismissed. "[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim" and "will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011); *see also, e.g.*, *Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 595 (N.D. Ill. 2020) (finding that "[b]ecause Plaintiff's other claims have been dismissed, so should his unjust enrichment claims"); *Saleh as Tr. of Nabil Saleh M.D. LTD Pension Plan v. Merch.*, No. 14-CV-09186, 2019 WL 1331788, at *10 (N.D. Ill. Mar. 25, 2019) (Tharp, Jr., J.) (finding "because each other count against SmithAmundsen must be dismissed, so too must the unjust enrichment count").

Even if Plaintiff's ADA claims are not dismissed or the Court were to find his unjust enrichment claim is based on different allegedly improper conduct, the unjust enrichment claim

still cannot survive. "To state a cause of action for unjust enrichment, a plaintiff must establish: (1) the defendant has unjustly retained a benefit to the plaintiff's detriment, and (2) the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *MetroPCS v. Devor*, 215 F. Supp. 3d 626, 634–35 (N.D. Ill. 2016). Plaintiff asserts the benefit he has been deprived of is "available unpaid time off." FAC ¶ 149. When the allegedly deprived benefit "does not have an independent monetary value," an "unjust enrichment claim fails." *Brown v. State Farm Mut. Auto. Ins. Co.*, No. 23 C 6065, 2025 WL 81340, at *9 (N.D. Ill. Jan. 13, 2025) (dismissing unjust enrichment claim because an individual's personal identifying data lacked independent monetary value to that individual). It is illogical that *unpaid* time off could have independent monetary value, so the Court should dismiss Plaintiff's unjust enrichment claim for this additional reason.

### F. The Class Claims Still Fail As A Matter Of Law.

#### 1. Plaintiff Pleads No Facts That Plausibly Suggest He Is Similarly Situated To Putative Class Members.

To sufficiently assert class claims, Plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015). A court should require "as much factual detail and argument as may be required to show that the plaintiff has a plausible claim," particularly where "discovery is likely to be more than usually costly." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803–04 (7th Cir. 2008); *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011) ("The required level of factual specificity rises with the complexity of the claim."). An essential element of the class device is that the named plaintiff's "claims must depend on a common contention," and "[t]hat common contention . . . must be of such a nature that it is capable of class-wide resolution—which means that determination of its

16

truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "Without some glue holding the alleged reasons for [the employment decisions] together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question why was I disfavored." *Id.* at 352.

Courts routinely reject the propriety of claims that lack factual allegations plausibly demonstrating a classwide violation. For example, in *H.P.*, a court in this district dismissed the plaintiff's ADA disparate impact claim in part because "the Complaint does no more than allege in a couple of conclusory sentences that the [policy at issue] has a 'disparate harmful impact' on students with disabilities." 2017 WL 5585627, at *5. The court reasoned that "conclusory allegations that a policy has a disparate impact—such as saying it has a 'disproportionate' effect or an 'impermissible impact'—are not sufficient to survive a motion to dismiss." *Id.* (citing *Adams*, 742 F.3d at 733; *see also Anfeldt v. United Parcel Serv., Inc.*, No. 15 C 10401, 2017 WL 839486, at *3 (N.D. Ill. Mar. 3, 2017) (dismissing plaintiff's nationwide, class-action disparate treatment claim under the ADA because she failed to sufficiently allege defendant treated similarly situated non-pregnant employees differently than pregnant employees, and instead merely alleged it was likely defendant "provided an accommodation to a large percentage of similarly situated non-pregnant employees, while failing to accommodate a large percentage of pregnant workers").

The class claims in the FAC suffer the same fundamental flaws. They too ask the Court to extrapolate from a paucity of individual allegations six nationwide class claims and one statewide claim that are wholly speculative and conclusory. The FAC itself highlights this fatal deficiency. Despite Plaintiff premising his claims on his purported disability and retaliation in violation of the ADA, he contends, on behalf of an "ADA Sub-Class" of "employees who accrued UPT points

17

during a medical leave," that Amazon's "policies unduly target those that take protected forms of leave, *regardless of the purpose or reason for such leave*." FAC ¶¶ 45, 69 (emphasis added). Plaintiff's definitions of the "UPT Class" and "Retaliatory Discharge Sub-Class" also notably extend to *all* Amazon employees who allegedly "accrued UPT points" during *any* "leave granted or protected pursuant to federal, state, or local law." FAC ¶ 69. This ignores that Plaintiff's claims do not concern protected leave at the federal level (i.e., under Family and Medical Leave Act), as well as the myriad state and local laws entitling employees to various types of leave—many of which are completely unrelated to disabilities or medical issues at all. Costly discovery into what types of leave *hundreds of thousands of employees* took and whether such leave was legally required in each employee's respective jurisdiction would be both impracticable and futile, given the extremely tenuous relationship between Plaintiff's LOA and all other leave taken for any reason by members of the putative UPT Class and Retaliatory Discharge Sub-Class.

In the absence of factual allegations to support that Plaintiff is similarly situated to members of the class, the Court should dismiss Plaintiff's class claims.

       2.     *Each Of Plaintiff's Claims Are Inherently Individualized And Cannot Be Resolved On A Classwide Basis.*

All seven class action claims in the FAC inherently require individualized inquiries that preclude classwide adjudication. The Supreme Court has made clear there is a "wide gap" between allegations of individual discrimination and "the existence of a class of persons who have suffered the same injury as that individual, such that . . . the individual's claim will be typical of the class claims." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157–58 (1982).

To prevail on an ADA disparate treatment claim under a pattern or practice theory, Plaintiff must show Amazon "regularly and purposefully discriminates against a protected group" (here, employees with disabilities) and intentional discrimination "was the company's standard operating

18

procedure—the regular rather than the unusual practice." *Puffer*, 675 F.3d at 716 (internal citations omitted); *see also E.E.O.C. v. Celadon Trucking Servs., Inc.*, No. 1:12-CV-00275-SEB, 2015 WL 3961180, at \*4 (S.D. Ind. June 30, 2015) (citing *Puffer*, 675 F.3d at 716) (incorporating the standard applied to Title VII claims to ADA claims). The Court cannot assume that each of the allegedly aggrieved individuals were "disabled" and also were "qualified" in order to prove discrimination under the ADA. Instead, for both the disparate treatment and disparate impact claims, Plaintiff and the putative class members each would have to prove they are qualified individuals with a disability. *See Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1062 (7th Cir. 2000). This would first involve determining, person by person, whether the individual was substantially limited in one or more major life activities. 42 U.S.C. § 12102(1). Then each individual would need to show they could perform the essential functions of their respective jobs, with or without a reasonable accommodation. *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 479 (7th Cir. 2017). That in turn requires individualized determinations based on each person's job duties, work location, work schedule, personal circumstances, and many other variables.

The individualized nature of Plaintiff's ADA retaliation and workers' compensation retaliation claims are similarly prohibitive of classwide resolution. Determining whether each putative class member engaged in statutorily protected activity prior to experiencing an adverse employment action—and, if so, whether a causal connection existed between those two events—will necessarily require a detailed and individualized inquiry into each person's requests for accommodation, claim for workers' compensation benefits, internal complaint history, job performance, and potential other variables that could refute the causation element of a retaliation claim. This is not possible, particularly on the nationwide scale that Plaintiff seeks to bring his class action retaliation claims.

Plaintiff's nationwide unjust enrichment claims will pose as many, if not more, obstacles in this respect. For Plaintiff and each putative member of the UPT Class, proving unjust enrichment will depend on individualized inquiries regarding (i) the nature and outcome of leave they sought to take; (ii) what was communicated to them about available leave options; (iii) how their individual circumstances and employment details impacted their leave eligibility; and (iv) individualized factors affecting how much it would have cost Amazon for putative class members to take the respective amounts of leave Plaintiff contends they should have "been able to utilize." *See* FAC ¶ 150.

This inherent variance demonstrates why Plaintiff's claims are not susceptible to classwide resolution. *See, e.g.*, *Ryder v. Beaumont Health, Inc.*, No. 18-10760, 2018 WL 11176492, at *5 (E.D. Mich. Nov. 2, 2018) (granting defendant's "motion for judgment" on plaintiff's class allegation of disparate treatment where "[c]ommonality [could not] be established because the court [would need to] determine, on a case-by-case basis, whether each putative member was disabled and whether the disability itself or the qualifications of each employee impacted employment prospects"); *Allen v. Lackawanna Cnty. Bd. of Comm'rs*, No. 3:18-CV-00209, 2019 WL 1212958, at *3 (M.D. Pa. Jan. 11, 2019), *objections overruled*, No. 3:18-CV-209, 2019 WL 1210103 (M.D. Pa. Mar. 14, 2019) (dismissing ADA disparate impact claim because, although plaintiff identified "a specific policy that she submits discriminates against its employees with ADA disabilities," it "is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact" (quoting *Smith*, 544 U.S. at 241)).

3. *Due To Differing State Laws, Unjust Enrichment And Retaliatory Discharge Claims Are Not Appropriate For Classwide Treatment.*

Along with the individualized nature of the evidence, Plaintiff's attempt to assert Rule 23 unjust enrichment and workers' compensation retaliation claims suffer from material state-to-state

20

differences in the laws governing those claims. Given that unjust enrichment and workers' compensation retaliation are common law causes of action in Illinois and other states, the Court would need to begin by conducting an extensive choice-of-law analysis to determine which state's laws apply to each member of each putative subclass across all fifty states.

Making this determination for the class unjust enrichment claim will require an individualized scrutiny of "the claims asserted by each member of the plaintiff class," since Constitutional due process requirements do not allow aggregate class actions to alter the applicable substantive legal rights in a given case, which could create inconsistent rulings across the nationwide classes given state-to-state variation in the requisite elements and applicable defenses to such claim. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821–22 (1985); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05 C 2623, 2007 WL 4287511, at *1 n.3 (N.D. Ill. Dec. 4, 2007).

The same is true for nationwide, class-action workers' compensation retaliation claims, which will substantively differ from state to state with respect to: (i) whether actions short of termination can give rise to a claim; (ii) what test courts use to assess causation between a protected activity and adverse action; and (iii) whether the claim arises under a statute or common law. *See, e.g.*, *Holt v. Foot Locker Retail, Inc.*, 631 F. Supp. 3d 1009, 1017 (D. Kan. 2022), *aff'd*, No. 22-3240, 2023 WL 6938286 (10th Cir. Oct. 20, 2023) ("Missouri and Illinois do not define the tort [of retaliatory discharge] in the same way Kansas does."); *Turner v. Liberty Nat. Life Ins. Co.*, 488 F. Supp. 2d 672, 677 (M.D. Tenn. 2007) (noting that Tennessee, unlike Kansas and Ohio, does not extend the common law tort of retaliatory discharge "to situations that d[o] not involve an actual discharge or constructive discharge"); *Massey v. Krispy Kreme Doughnut Corp.*, 917 So. 2d 833, 838 (Ala. Civ. App. 2005) (internal citations omitted) ("Some states, such as Texas and South

Carolina, use a 'but for' test, which requires an employee to prove that, but for the filing of the workers' compensation claim, the discharge would not have occurred when it did. Other states require less, merely calling for a causal connection between the claim for workers' compensation benefits and the discharge."); *Raye v. Agora Mktg. Sols., Inc.*, No. 8:10-CV-1215-T-23TBM, 2010 WL 11507870, at *2 (M.D. Fla. July 12, 2010) ("While some states construe an action for retaliatory discharge as a common law tort action, other states provide a statutory remedy for retaliatory discharge.").

Because all of Plaintiff's claims would inescapably require a fact-specific, individualized inquiry on an employee-by-employee basis, the Court should dismiss the class claims.

### G. Plaintiff Should Not Be Granted Leave To Amend The FAC.

Amazon's initial motion to dismiss gave Plaintiff full and fair notice of the factual deficiencies in his claims. He had a reasonable opportunity to address those deficiencies, and rather than do so, he doubled down with expanded claims even further unmoored from any factual basis. If Plaintiff had the facts to plead sufficient claims, he would have done so. He did not, and therefore further amendment would be futile. Dismissal with prejudice is warranted. *See, e.g.*, *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012) ("[A] district court is not required to grant [leave to amend a complaint] when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted."); *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) ("It is well settled that a district court may refuse leave to amend where amendment would be futile.").

### IV. CONCLUSION

For all the foregoing reasons, Amazon respectfully requests that this Court dismiss the FAC in its entirety with prejudice.

22

DATE: July 8, 2025

Respectfully submitted,

AMAZON.COM SERVICES LLC

By: */s/ Stephanie L. Sweitzer*
    One of Its Attorneys

Stephanie L. Sweitzer
Derek S. Franklin
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1773
F: (312) 324-1001
stephanie.sweitzer@morganlewis.com
derek.franklin@morganlewis.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2025, the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Stephanie L. Sweitzer*
Stephanie L. Sweitzer
