**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROBERT GILLARD, on behalf of himself and others similarly situated,

        Plaintiff,

    v.

AMAZON.COM SERVICES, LLC,

        Defendant.

Case No. 1:25-cv-00914

Hon. John J. Tharp Jr.

**DEFENDANT'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

**ON THE BRIEF:**

Stephanie L. Sweitzer
Derek S. Franklin
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1773
F: (312) 324-1001
stephanie.sweitzer@morganlewis.com
derek.franklin@morganlewis.com

*Counsel for Defendant*

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................................ 1

II.     ARGUMENT .................................................................................................................. 2

      A.     Plaintiff Fails To Meet The Applicable Pleading Standard As To Any Claim. ................................................................................................................. 2

      B.     The Response Does Not Address Plaintiff's Failure To Sufficiently Allege An ADA Disparate Treatment Claim (Count I). ....................................................... 3

      C.     Plaintiff Fails To Sufficiently Plead An ADA Retaliation Claim (Count II). ................................................................................................................... 3

      D.     Plaintiff's ADA Disparate Impact Claim (Count III) Still Is Deficient. ................ 5

      E.     The Response Confirms Plaintiff Has Failed To State Claims For Retaliatory Discharge (Counts IV, V, & VI). ......................................................... 6

           1.     The IHRA Is An Adequate Alternative Remedy To Plaintiff's Common Law Claim Of Retaliation "For Taking Protected Leave" (Count IV). ................................................................................................... 6

           2.     Plaintiff Fails To Rebut That He Cannot Bring A Retaliatory Discharge Claim Premised On An Employment Action Other Than His Termination. ...................................................................................... 7

           3.     Plaintiff Fails To Address The Lack Of Facts Sufficient To Plausibly State Workers' Compensation Retaliation Claims (Counts IV, V, & VI). ................................................................................... 8

      F.     Plaintiff Does Not Plead Sufficient Facts To Sustain An Unjust Enrichment Claim (Count VII). ....................................................................... 11

      G.     Plaintiff Has Not Plausibly Pled Class Claims. .................................................. 13

      H.     Amazon's Citation To The Attendance Policy Was Appropriate. ........................ 14

      I.     The Response Reinforces Why Granting Leave To Amend Would Be Futile. ................................................................................................................. 15

III.    CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. City of Indianapolis*,
  742 F.3d 720 (7th Cir. 2014) ...................................................................................................6

*Amerigas Propane v. BP America, Inc.*,
  691 F. Supp. 2d 844 (N.D. Ill. 2010) ....................................................................................11

*Anfeldt v. United Parcel Serv., Inc.*,
  No. 15 C 10401, 2017 WL 839486 (N.D. Ill. Mar. 3, 2017) ......................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................2

*Bates v. UPS*,
  204 F.R.D. 440 (N.D. Cal. 2001).............................................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................2, 3

*Cleary v. Philip Morris Inc.*,
  656 F.3d 511 (7th Cir. 2011) .............................................................................................11, 12

*Dooley v. Abbott Laboratories*,
  No. 07 C 7249, 2009 WL 1033600 (N.D. Ill. Apr. 17, 2009)....................................................4

*Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130*,
  657 F.2d 890 (7th Cir. 1981) ..................................................................................................13

*Emerson v. Dart*,
  900 F.3d 469 (7th Cir. 2018) ....................................................................................................9

*Fox v. Adams & Assocs.*,
  2020 IL App (1st) 182470........................................................................................................10

*H.P. v. Naperville Cmty. Unit Sch. Dist. #203*,
  No. 17 C 5377, 2017 WL 5585627 (N.D. Ill. Nov. 20, 2017)..................................................14

*Hillmann v. City of Chicago*,
  834 F.3d 787 (7th Cir. 2016) ....................................................................................................9

*Hughes v. Circle K Stores, Inc.*,
  No. 24-CV-1071, 2024 WL 4212338 (C.D. Ill. July 12, 2024)................................................13

*Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*,
  804 F.3d 826 (7th Cir. 2015) ...................................................................................................14

*Limestone Dev. Corp. v. Village of Lemont*,
  520 F.3d 797 (7th Cir. 2008) .................................................................................................2, 14

*Malone v. Securitas Sec. Servs.*,
  No. 13 C 8747, 2015 WL 5177549 (N.D. Ill. Sept. 3, 2015)......................................................9

*Mangar v. Amazon.com Services LLC*,
  No. 2:24-cv-00188-JXN-AME (D. N.J.) ....................................................................................4, 5

*McCauley v. City of Chicago*,
  671 F.3d 611 (7th Cir. 2011) .......................................................................................................3

*Metzger v. DaRosa*,
  805 N.E.2d 1165 (Ill. 2004).........................................................................................................8

*Palmer v. Combined Ins. Co. of Am.*,
  217 F.R.D. 430 (N.D. Ill. 2003)..................................................................................................13

*Perkins v. Silverstein*,
  939 F.2d 463 (7th Cir. 1991) .....................................................................................................15

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
  631 F.3d 436 (7th Cir. 2011) .......................................................................................................9

*Richards v. U.S. Steel*,
  869 F.3d 557 (7th Cir. 2017) .......................................................................................................7

*Roberts v. City of Chicago*,
  817 F.3d 561 (7th Cir. 2016) .....................................................................................................5, 6

*Smajlovic v. Ann & Robert H. Lurie Children's Hosp. of Chicago*,
  No. 15-CV-01243, 2016 WL 3595734 (N.D. Ill. July 5, 2016).................................................3

*Strong v. Quest Diagnostics Clinical Laboratories, Inc.*,
  No. 19-CV-4519, 2021 WL 354000 (N.D. Ill. Feb. 2, 2021) (Tharp, Jr., J.)...........................10

*Tate v. Dart*,
  51 F.4th 789 (7th Cir. 2022) .......................................................................................................7

*Van Gorp v. Eli Lily & Co.*,
  No. 1:22-cv-01650-TWP-MKK, 2023 WL 5486052 (S.D. Ind. Aug. 24, 2023) .................5, 6

*Williams v. U.S. Postal Serv.*,
  873 F.2d 1069 (7th Cir. 1989) ...................................................................................................15

iii

*Zimmerman v. Buchheit of Sparta, Inc.*,
164 Ill. 2d 29 (1994) ...........................................................................................................8

**Statutes**

Americans with Disabilities Act ................................................................................ *passim*

Commodity Exchange Act.........................................................................................11

Family and Medical Leave Act.................................................................................4, 5

Illinois Human Rights Act ........................................................................................6, 7

Illinois Workers' Compensation Act .....................................................................7, 8, 10

**Rules**

Fed. R. Civ. P. 8......................................................................................................2

Fed. R. Civ. P. 23...................................................................................................13

## I.  INTRODUCTION

In response to Amazon's Motion to Dismiss, Plaintiff seeks to turn the pleading standard on its head in an effort to contort his sparsely pled claims into plausible ones. In doing so, Plaintiff fails to meaningfully address Amazon's arguments and asks the Court to ignore the overwhelming body of law requiring Plaintiff to plead sufficient *facts* to support each element of his claims. Nothing in the Response has any impact on the ultimate conclusion here—as a matter of law, the claims contained in the First Amended Complaint ("FAC") should be dismissed in their entirety because Plaintiff has not asserted facts sufficient to establish either individual or class claims of discrimination or retaliation under the Americans with Disabilities Act ("ADA"), nor claims of retaliatory discharge or unjust enrichment.

First, despite his statements to the contrary, Plaintiff fails to identify a single fact that plausibly suggests a causal link between his purported disability and the alleged adverse actions to support his ADA disparate treatment claim (Count I). Second, regarding his ADA retaliation claim (Count II), Plaintiff similarly asserts the Court can infer retaliation from the timing of his disability-related leave and termination, but the limited authority he cites does not support that contention, and Plaintiff ignores the authority in Amazon's Motion demonstrating otherwise. Third, Plaintiff attempts to defend his ADA disparate impact claim (Count III) by insisting that he is not required to allege *statistical* evidence of a disproportionate impact on his protected class, but neglects to identify ***any*** alleged evidence (statistical or otherwise) in the FAC regarding the impact of Amazon's facially neutral attendance policy specific to his legally protected group.

Finally, Plaintiff attempts to downplay the pleading deficiencies in his putative class action claims under common law alleging retaliation for "taking protected leave and/or making a workers' compensation claim" (Count IV), retaliation for "exercis[ing] … rights granted by Illinois Workers' Compensation laws and those of states that are materially similar" (Counts V and VI),

1

and unjust enrichment by purportedly "limiting [Amazon's] potential exposure to additional unpaid or disability-related time off" through "assessing points against Plaintiff and the Classes while they were on protected leaves" (Count VII). Instead, the Response attacks arguments Amazon did not make in its Motion, cites opinions that are inapposite, attempts to distinguish cases on irrelevant grounds, and inserts new facts that are absent from the FAC.

The Court therefore should dismiss the Complaint in its entirety, with prejudice.

## II.     ARGUMENT

### A.     Plaintiff Fails To Meet The Applicable Pleading Standard As To Any Claim.

The well-established meaning of notice pleading requires Plaintiff to state factual allegations that make his claims facially plausible. Despite two attempts, Plaintiff has failed to do so here. A recitation of a claim's elements does not suffice as "notice" or otherwise meet the pleading threshold. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff cannot bypass this threshold and hope discovery will reveal information to shore up his inadequately pled claims. *See* Resp. at 9, 17-18. The Supreme Court has already rejected this approach: "Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686; *id.* at 684-85 ("a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process"); *Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process[.]").

The breadth and complexity of Plaintiff's claims demand *greater* factual bases to render them plausible and guard against extensive discovery burdens. The Seventh Circuit has made clear that courts should require "as much factual detail and argument as may be required to show that a plaintiff has a plausible claim," particularly where, like here, "discovery is likely to be more than usually costly." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803-04 (7th Cir. 2008);

2

see *Twombly*, 550 U.S. at 558; *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011) ("The required level of factual specificity rises with the complexity of the claim.").

### B. The Response Does Not Address Plaintiff's Failure To Sufficiently Allege An ADA Disparate Treatment Claim (Count I).

The most liberal reading of Plaintiff's allegations in the FAC demonstrate he has not sufficiently pled that Amazon discriminated against him *on the basis of a disability*, and the Response identifies no facts to the contrary. Instead, Plaintiff attempts to couple the alleged adverse actions (assessment of attendance points under Amazon's neutral policy while he was on medical leave, his alleged negative UPT balance upon his return to work, and his subsequent termination) with the legally and factually unsupported allegation that all Amazon employees "who qualify for a medical leave for their own care are disabled as defined by the ADA," and asks the Court to infer that this is indicative of intentional discriminatory animus toward him based on his purported disability. Resp. at 4–6. The facts as asserted do not support such an inference.

Simply put, Plaintiff cannot overcome the lack of facts in the FAC that plausibly connect his termination or any other adverse action to intentional discrimination based on his disability. This warrants dismissal of Plaintiff's ADA disparate treatment claim. *See Smajlovic v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, No. 15-CV-01243, 2016 WL 3595734, at *4 (N.D. Ill. July 5, 2016) (dismissing disparate impact claim because, in relevant part, plaintiff "does not allege any facts to support an inference that he was terminated not because of his extended absence but because of his disability itself").

### C. Plaintiff Fails To Sufficiently Plead An ADA Retaliation Claim (Count II).

Plaintiff's ADA retaliation claim fares no better. First, while Plaintiff contends he pled sufficient facts to support a plausible inference that Amazon retaliated against him for asserting his rights under the ADA, Resp. at 6, his failure to identify specific facts in the FAC supporting

this self-serving statement dooms his claim. The allegations on which Plaintiff relies are the exact same allegations he asserts in support of his disparate treatment claim. *See* Resp. at 6. When viewed together with other allegations in the FAC, none of these facts suggest Amazon intentionally assessed Plaintiff attendance points or terminated his employment *because* he engaged in ADA-protected activity. *See* Mem. at 3, Ex. A.

Second, the Response does not reconcile the incompatibility of Plaintiff's ADA retaliation claim with his simultaneous contention that Amazon's termination decision stemmed from a purported "automated electronic point system which automatically deducts and adds points and takes adverse employment actions," and which allegedly "does not allow for human override." FAC ¶¶ 29, 30. Plaintiff postulates in a footnote that, "[r]eading between the lines of Amazon's various arguments, it appears to have intentionally created an electronic system of points with little human interaction so that it can claim there was no decisionmaker," Resp. at 6, n.4, but this speculative statement disregards that it was *Plaintiff*—not Amazon—who levied those allegations. *See* FAC ¶¶ 29, 30. As explained in Amazon's Motion, accepting this allegation as true for purposes of the motion to dismiss only, it undermines Plaintiff's ADA retaliation claim because it suggests there was no decisionmaker with knowledge of his alleged protected activity. Mem. at 8; *see also Dooley v. Abbott Laboratories*, No. 07 C 7249, 2009 WL 1033600, at *8 (N.D. Ill. Apr. 17, 2009) ("Before a plaintiff can succeed on a retaliation claim [under the ADA], she must show that the decisionmaker had actual knowledge that the plaintiff engaged in statutorily protected activity.").

Rather than address Amazon's arguments head-on, the Response digresses at length into an attempted comparison of Plaintiff's allegations to those in a Family and Medical Leave Act ("FMLA") case brought against Amazon in New Jersey, *Mangar v. Amazon.com Services LLC*,

4

No. 2:24-cv-00188-JXN-AME (D. N.J.), characterizing Plaintiff's allegations as "on par with those in *Mangar*." Resp. at 6-7. In reality, in addition to involving only FMLA (not ADA) claims, *Mangar* is distinguishable. The court in *Mangar* found the termination of one of the plaintiffs nine days after receiving a request to provide supporting documentation for a leave request, and eleven days *before the documentation was due*, constituted an "unusually suggestive temporal proximity" to support an FMLA retaliation claim at the pleading stage. *Id.* at 12. There are no facts supporting an "unusually suggestive temporal proximity" here, where Plaintiff admits he was approved for, and completed, a sixteen-month medical leave of absence, and his termination occurred following his return to work. *See* FAC ¶¶ 55, 57, 59.

In short, because Plaintiff fails to plausibly allege his termination was because of—or connected in any way to—protected activity, his ADA retaliation claim fails as a matter of law.

**D.      Plaintiff's ADA Disparate Impact Claim (Count III) Still Is Deficient.**

With respect to Plaintiff's disparate impact claim, even applying the standard for which he advocates—that he must allege "evidence (facts *or* statistics) demonstrating that the challenged employment practice has a disproportionately negative effect upon members of the protected class," Resp. at 8 (emphasis added)—Plaintiff still has failed to state a plausible ADA disparate impact claim. The Response does not, as it must, cite to any "factual content [in the FAC] tending to show" that Amazon's policy "caused a relevant and statistically significant disparity between disabled and non-disabled [employees]." *Roberts v. City of Chicago*, 817 F.3d 561, 566 (7th Cir. 2016). Notably, Plaintiff concedes the FAC contains allegations that "groups other than the disabled may have also been adversely impacted by Amazon's UPT policy and practices." Resp. at 5. Contrary to his assertion that this "makes no difference" to the viability of his claims, it evidences his failure to plausibly allege that the policy in question "*disproportionately* affected disabled employees." *Van Gorp v. Eli Lily & Co.*, No. 1:22-cv-01650-TWP-MKK, 2023 WL

5486052, at *5 (S.D. Ind. Aug. 24, 2023) (emphasis added). Courts in this district have repeatedly dismissed disparate impact claims on that basis. *See* Mem. at 9-10 and cases cited therein.

Crucially, the allegations in the FAC to which Plaintiff refers admit Amazon's attendance policy applies uniformly to *all* employees—disabled or not—and can be used for wide-ranging purposes unrelated to disability. *See* Resp. at 8-10; FAC ¶¶ 22-24, 29-32, 35-36, 39-41. The asserted facts discuss the alleged impact on "Amazon employees" broadly and a purported "secondary class of employees universally consisting of those who take leave" and, therefore, do not tend to show a "relevant and statistically significant disparity" between *disabled* and *non-disabled* employees. *See Roberts*, 817 F.3d at 566; FAC ¶¶ 22, 31, 36, 39. The FAC simply contains no "factual material to move the disparate-impact claims over the plausibility threshold." *Adams v. City of Indianapolis*, 742 F.3d 720, 753 (7th Cir. 2014); *Van Gorp*, 2023 WL 5486052, at *5 (dismissing ADA disparate impact claim where the complaint lacked sufficient facts to show that a COVID-19 vaccine mandate disproportionately impacted a legally protected group).

Because the FAC does not contain facts sufficient to create a plausible inference of a disparate impact unique to the protected group at issue—qualified individuals with disabilities— Plaintiff's disparate impact claim fails as a matter of law and should be dismissed.

    **E.    The Response Confirms Plaintiff Has Failed To State Claims For Retaliatory Discharge (Counts IV, V, & VI).**

        *1.    The IHRA Is An Adequate Alternative Remedy To Plaintiff's Common Law Claim Of Retaliation "For Taking Protected Leave" (Count IV).*

Plaintiff devotes multiple pages of the Response to addressing a strawman argument that Amazon's opening brief did not make: that Plaintiff's retaliatory discharge claim in Count IV *as a whole* (i.e., his allegations of workers' compensation retaliation also) is preempted by the Illinois Human Rights Act ("IHRA"). *See* Resp. at 13-14. To that end, Plaintiff states his "retaliatory discharge claim relies on the fact that Plaintiff suffered a workplace injury and incurred attendance

infractions as a result of leave due to the workplace injury and Workers' Compensation claim." *Id.* at 14.

Amazon, however, has only argued that Plaintiff's retaliatory discharge claim in Count IV is preempted to the extent it is premised on termination "in retaliation for taking protected leave" unrelated to his workers' compensation claim, *see* FAC ¶ 120, since the IHRA provides an adequate alternative remedy to this claim. Mem. at 12. The Response fails to address head-on that a common law retaliatory discharge claim premised on retaliation for "taking protected leave" could be restated as a claimed "civil rights violation" under the IHRA using the exact same allegations. *Tate v. Dart*, 51 F.4th 789, 793 (7th Cir. 2022) ("Illinois courts analyze IHRA claims under a framework that is practically indistinguishable from the ADA framework."). Thus, the two claims are "inextricably linked," meaning that the IHRA preempts the claim and dismissal is appropriate. *Richards v. U.S. Steel*, 869 F.3d 557, 564 (7th Cir. 2017).

> 2. *Plaintiff Fails To Rebut That He Cannot Bring A Retaliatory Discharge Claim Premised On An Employment Action Other Than His Termination.*

The Response also fails to advance any sound legal basis for Plaintiff's argument that the Court, "as a matter of first impression," should expand the narrow tort of retaliatory discharge. Resp. at 10. Plaintiff admits that Illinois courts "to date have not expanded the cause of action to include other diminutions in employment [besides termination]." Resp. at 11. The purported "public policy" considerations Plaintiff proffers—that the world is at a "moment in history, where single-employer workforces are larger than they have ever been and employers, refusing to accept the cost of complying with the rights of their large workforces, simply forego [*sic*] creating mechanisms which manage compliance," *id.* at 11—does not justify a departure from the decades of precedent clearly conferring a narrow scope on the common law tort of retaliatory discharge.

Plaintiff further contends his position would align with "the language of Section 4(h) of

the [IWCA] that is not limited to retaliation in the form of discharge," *id.* at 12, but this wholly ignores the Illinois Supreme Court's rejection of a similar argument seeking to extend the tort to retaliatory demotions for IWCA-protected activity. As the court explained:

> [P]laintiff's argument would replace the well-developed element of discharge with a new, ill-defined, and potentially all-encompassing concept of retaliatory conduct or discrimination. The courts then would be called upon to become increasingly involved in the resolution of workplace disputes which center on employer conduct that heretofore has not been actionable at common law or by statute.

*Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 39 (1994). Allowing a retaliatory discharge claim to challenge conduct short of *discharge* would not just run counter to the name of tort, but would expand a cause of action the Illinois Supreme Court has "consistently sought to restrict." *Metzger v. DaRosa*, 805 N.E.2d 1165, 1173 (Ill. 2004); *see also* Mem. at 13 and cases cited therein. The Court should, therefore, dismiss the component of Plaintiff's retaliation claims in Counts IV through VI that allege retaliatory conduct short of termination.

3.      *Plaintiff Fails To Address The Lack Of Facts Sufficient To Plausibly State Workers' Compensation Retaliation Claims (Counts IV, V, & VI).*

Plaintiff also fails to refute that the FAC lacks sufficient factual allegations to plausibly show that Amazon terminated his employment *because* he engaged in protected activity under the Illinois Workers' Compensation Act ("IWCA") (i.e., by filing a workers' compensation claim). While the Response summarily cites a series of FAC paragraphs with allegations purportedly supporting that contention (Resp. at 15-16), the majority of the referenced paragraphs are merely recitations of legal elements rather than facts supporting such claims. Additionally, the Response does not squarely address Plaintiff's failure in the FAC to allege a decisionmaker for his termination who could have knowingly retaliated against him for engaging in IWCA-protected activity.

First, the only *factual* allegations supporting Plaintiff's workers' compensation retaliation

claims are his assertions that he filed a claim on February 1, 2023 and was terminated just over sixteen months later, on June 5, 2024. *See* FAC ¶¶ 59, 127. The mere fact that one event preceded the other is not enough to plausibly allege causation. While Plaintiff asserts in the Response that "[t]he attribution of UPT points occurred immediately, as soon as Plaintiff began using his related medical leave, and, that upon reaching a pre-determined number of points, Amazon's systems determined to terminate Plaintiff," Resp. at 16, no such allegation appears in the FAC. Plaintiff "may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011); *see also Malone v. Securitas Sec. Servs.*, No. 13 C 8747, 2015 WL 5177549, at *2 (N.D. Ill. Sept. 3, 2015) ("Plaintiff may not attempt to cure deficiencies inherent in a complaint by asserting new facts for the first time in opposition to a motion to dismiss." (citations omitted)). And even if the allegation *was* in the FAC, it would not move the needle because it does not involve protected activity, let alone plausibly connect any protected activity to Plaintiff's termination.

Second, Plaintiff cannot overcome the FAC's failure to allege the existence of a decisionmaker with respect to his termination who had requisite knowledge of his workers' compensation claim in order to have terminated his employment because of it. *See Emerson v. Dart*, 900 F.3d 469, 472 (7th Cir. 2018) (alleged misdeeds count as retaliation only if decisionmakers had actual knowledge of protected activity); *Hillmann v. City of Chicago*, 834 F.3d 787, 794 (7th Cir. 2016) ("[A] claim for retaliatory discharge requires—at a minimum—that the relevant decision-maker knew that the employee intended to file or had filed a workers' compensation claim."). While the Response identifies numerous paragraphs in the FAC where Plaintiff purports to have "repeatedly allege[d] that he had reported his injury and workers' compensation claim to Amazon," Resp. at 16, without more, the fact that someone somewhere at

Amazon was aware Plaintiff initiated a workers' compensation claim does not lead to a plausible inference that Amazon intentionally retaliated against Plaintiff because of his workers' compensation claim. This is particularly true given his overarching allegation supporting all of his claims: that an "automated electronic point system" which "does not allow for human override" unilaterally terminated his employment. Mem. at 14-15 (citing FAC ¶¶ 29, 30).

Plaintiff's irrelevant attempts at distinguishing his claim from cases Amazon cited in its Opening Brief do not detract from his deficient allegations. Plaintiff represents in the Response that "[e]ach of Amazon's authorities involves a period of time drastically longer than that at issue here (16 months)," but this is unavailing. Resp. at 15. For one thing, it is factually inaccurate. *See, e.g.*, Mem. at 14 (citing *Fox v. Adams & Assocs.*, 2020 IL App (1st) 182470, ¶ 64 (dismissing retaliatory discharge claim where IWCA-protected activity occurred fifteen months before plaintiff's termination)).

Further, pointing out larger temporal gaps in other cited cases does not serve to establish the sufficiency of Plaintiff's own allegations. For example, this Court's dismissal of a workers' compensation retaliation claim in *Strong v. Quest Diagnostics Clinical Laboratories, Inc.* involving a four-year gap between the termination and protected activity does not preclude any claim with a smaller gap from ever being dismissed. *See* Mem. at 14 (citing *Strong*, No. 19-CV-4519, 2021 WL 354000, at *8 (N.D. Ill. Feb. 2, 2021) (Tharp, Jr., J.)). Rather, both the plaintiff in *Strong* and Plaintiff here failed to allege specific facts supporting a workers' compensation retaliation claim other than that they engaged in protected activity and were terminated many months thereafter. For the same reasons as this Court concluded in *Strong*, Plaintiff has not plausibly alleged a claim. *See id.*

Because Plaintiff has not plausibly alleged that his exercise of IWCA rights in February

2023 was a factor in his June 2024 termination, the Court should dismiss his workers' compensation retaliation claims in Counts IV through VI with prejudice.

###### F. Plaintiff Does Not Plead Sufficient Facts To Sustain An Unjust Enrichment Claim (Count VII).

While Plaintiff asserts that his unjust enrichment claim "rests on facts independent from his ADA claims," Resp. at 16, he fails to identify any such alleged "facts" in the FAC. That is because there are none.

Then, citing to a single case—*Amerigas Propane, L.P. v. BP America, Inc.*—Plaintiff incorrectly states that "Courts in this District routinely refuse to dismiss unjust enrichment claims where defendants simultaneously move to dismiss overlapping tort or statutory claims." *See* Resp. at 16. The case is factually and procedurally distinguishable. The defendant there argued the plaintiffs could not sustain an unjust enrichment claim, which sought restitution in the form of a constructive trust, because they had an adequate remedy at law under the Commodity Exchange Act ("CEA"). *Amerigas Propane v. BP Am., Inc.*, 691 F. Supp. 2d 844, 854 (N.D. Ill. 2010). The court declined to dismiss the unjust enrichment claim because there was an issue of material fact in a separately filed motion for summary judgment as to whether the plaintiffs had standing to assert a claim under the CEA, stating, "[i]f it is true that Plaintiffs lack standing to bring a CEA claim, then they would not have access to an adequate legal remedy." *Id.* Amazon does not seek dismissal of Plaintiff's unjust enrichment claim on the grounds that he has an adequate remedy at law. Amazon seeks dismissal because Plaintiff has failed to plead facts supporting such a claim. The fact that Plaintiff has asserted alternative theories of liability does not relieve him of the burden to allege sufficient facts to plausibly state each of his claims.

Setting this aside, Plaintiff cannot dispute that courts applying Illinois law routinely have held that where, as here, "an unjust enrichment claim rests on the same improper conduct alleged

in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011); *see also* Mem. at 15 and cases cited therein.

Nor does the Response adequately explain how Plaintiff can sustain his unjust enrichment claim where it is premised on Amazon purportedly withholding *unpaid* leave, which does not involve a requisite retention of any benefit whatsoever. Plaintiff's theory on this issue is unique at best: he contends "Amazon was 'unjustly enriched by at least the amount that each unpaid day off assessed against Plaintiff and each member of the Classes would have cost Amazon,'" and the "cost of creating and maintaining a compliant attendance and leave system." Resp. at 17 (quoting FAC ¶¶ 8, 150). Both allegations, in addition to being unfounded, do not save his claim. First, the notion that Amazon could be monetarily enriched or otherwise retained some benefit by not extending *unpaid* time off is illogical. Second, Plaintiff's contention that Amazon retains a hypothetical "cost of creating and maintaining a compliant attendance and leave system" is entirely reliant on a self-serving and baseless legal conclusion that Amazon does not have "a compliant attendance and leave system." FAC ¶ 8.

The Seventh Circuit's decision in *Cleary* is of no help to Plaintiff. To the contrary, it supports dismissal of his unjust enrichment claim, as the court there made clear that "while a plaintiff need not show loss or damages" to sustain an unjust enrichment claim, "he must show a detriment—and, significantly, a connection between the detriment and the defendant's retention of the benefit." *Cleary*, 656 F.3d at 518-19. In other words, unjust enrichment "is a means of recovering something that the defendant is not entitled to but is unfairly possessing to the plaintiff's detriment." *Id.* The FAC contains no facts that tend to show any conduct by Amazon with respect to its attendance policy or the purported "withholding" of unpaid time off that resulted in Amazon

12

unfairly possessing a benefit that was to Plaintiff's detriment.

Plaintiff's unjust enrichment claim therefore fails and should be dismissed with prejudice.

### G.        Plaintiff Has Not Plausibly Pled Class Claims.

The Response does not properly address, and in fact distorts, the grounds for dismissal of Plaintiff's class claims. Plaintiff argues that "the initial pleading stage is not the appropriate time for the court to assess class certification." Resp. at 17. In addition to being incorrect, that is not the basis of Amazon's arguments. Amazon is not—at this time—challenging whether Plaintiff has met Rule 23's class certification criteria. This Court need not even reach that question. Rather, Amazon argues the FAC lacks facts plausibly alleging class-wide claims and, therefore, the class claims do not even get out of the gate, much less to the class certification stage.

Plaintiff's reliance on *Bates* and *Palmer* (as examples of ADA and Title VII pattern and practice cases in which Rule 23 classes were certified), *Eggleston* (for the proposition that Rule 23 does not authorize courts "to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action"), and *Hughes* (in support of the contention that courts should permit discovery before making a class certification ruling) are inapposite. Resp. at 18-19. The analyses in *Bates* and *Palmer* apply *only* to Rule 23 certification challenges, which is not currently at issue here. *See Bates v. UPS*, 204 F.R.D. 440, 447 (N.D. Cal. 2001); *Palmer v. Combined Ins. Co. of Am.*, 217 F.R.D. 430, 441 (N.D. Ill. 2003). Similarly, in *Eggleston* and *Hughes*, each court assessed substantive challenges to Rule 23 certification criteria, unlike Amazon's arguments for dismissal of the class claims here. *See Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981); *Hughes v. Circle K Stores, Inc.,* No. 24-CV-1071, 2024 WL 4212338, at *5 (C.D. Ill. July 12, 2024). None of these cases undermine Amazon's argument.

None of Plaintiff's allegations—whether based on his own idiosyncratic circumstances as

13

an Illinois employee, being a qualified individual with a disability, engaging in protected activity, or otherwise—plausibly show that Amazon subjected hundreds of thousands of putative class members to disability discrimination (based on disparate treatment or disparate impact), unlawful retaliation, or unjust enrichment. It is hardly premature, as Plaintiff suggests, for the Court to address whether he has stated plausible class claims, as Amazon's cited precedent makes clear, particularly when Plaintiff already had the opportunity to—and did—amend his initial complaint. *See* Resp. at 17; *see also* Mem. at 16 (citing *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015); *Limestone*, 520 F.3d at 803–04.

Plaintiff also incorrectly states that although "Amazon claims that Plaintiff's class allegations should be dismissed *now*, at the pleading stage, Amazon was unable to point to any cases where a court did just that." Resp. at 18. To the contrary, Amazon's Opening Brief *did* do "just that." *See* Mem. at 17 (citing *H.P. v. Naperville Cmty. Unit Sch. Dist. #203*, No. 17 C 5377, 2017 WL 5585627, at \*5 (N.D. Ill. Nov. 20, 2017); *Anfeldt v. United Parcel Serv., Inc.*, No. 15 C 10401, 2017 WL 839486, at \*3 (N.D. Ill. Mar. 3, 2017)). Unsurprisingly, the Response fails to mention either holding. Therefore, even if the Court were to find Plaintiff had pled any viable cause of action on behalf of himself, dismissal of the class claims is appropriate.

### H. Amazon's Citation To The Attendance Policy Was Appropriate.

Plaintiff acknowledges in the Response that Amazon's attendance policy is among the policies "central to his claims," but goes on to "dispute the authenticity of the [policy] document attached to Amazon's Motion to Dismiss" without any rationale for doing so. Resp. at 20. At the same time, he attaches a hodgepodge of purported Amazon policies from unidentified internet sources as a group exhibit, arguing he "should be permitted to obtain discovery regarding [them] … before the Court makes any judgments in reliance on what Amazon attached to its moving papers." *Id.*, Ex. B. The application of those policies, however, would not cure the deficiencies in

14

Plaintiff's retaliation claim. Just as with the policy appended as an exhibit to Amazon's Motion, and—more importantly—consistent with the allegations in the FAC, each of the "policies" Plaintiff attached to the Response is facially neutral and does not provide for differential treatment of disabled versus non-disabled employees. Thus, while Plaintiff has not established the relevance or legitimacy of any of the purported policies in his group exhibit, the application of any of them here would not bring him closer to plausibly alleging the causation element of his ADA retaliation claim, and no discovery is needed to make this determination.

**I.      The Response Reinforces Why Granting Leave To Amend Would Be Futile.**

Finally, the Court should not grant Plaintiff leave to amend his complaint yet again because any amendment would be futile. *See Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1072 (7th Cir. 1989) ("When an amendment will not cure the legal deficiencies of the original complaint, the district court does not abuse its discretion by refusing to grant leave to amend."). Here, Plaintiff has tried *twice* to allege valid claims, and has failed both times. Rather than remedy any deficiencies, the FAC merely restates deficient allegations contained in the original Complaint, while adding three common law retaliation claims that are similarly flawed. Where yet another amendment would fail "to cure the deficiencies in the original pleading" and "could not survive [another] motion to dismiss," dismissal with prejudice is warranted. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

**III.   CONCLUSION**

For all the foregoing reasons, and those set forth in Amazon's Opening Brief, the Court should dismiss the First Amended Complaint in its entirety with prejudice, and grant Amazon such other and further relief as the Court may deem just and appropriate.

15

DATE: August 26, 2025

Respectfully submitted,

AMAZON.COM SERVICES LLC

By: */s/ Stephanie L. Sweitzer*
    One of Its Attorneys

Stephanie L. Sweitzer
Derek S. Franklin
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1773
F: (312) 324-1001
stephanie.sweitzer@morganlewis.com
derek.franklin@morganlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2025, the foregoing document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Stephanie L. Sweitzer
Stephanie L. Sweitzer